No. 15,503.

WOOD *v.* STATE CIVIL SERVICE COMMISSION ET AL.

(155 P. [2d] 153)

Decided January 2, 1945.

Mr. A. R. MORRISON, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-

RENCE HINKLEY, Deputy, Mr. CLARENCE L. BARTHOLIC, Assistant, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Wood, and defendants in error as the commission.

Wood, contending that under the law and the rules of the commission he was entitled to appointment as superintendent of the State Industrial School for Boys at Golden (hereinafter referred to as the school) brought this action in mandamus to compel his appointment by the commission. The commission admitted most of the material allegations of the complaint, denied others not here important, and asserted the insufficiency of the facts pleaded to support the relief demanded. The cause was tried to the court and to review its judgment for the commission Wood prosecutes this writ.

The material facts are not in dispute. The assignments challenge the trial court's holdings that there was no vacancy in the position in question between October 6, 1942, and February 24, 1943; that Wood was not qualified for the place by virtue of an examination which he took November 16, 1936; and that he was not entitled to the appointment under Rule X of the commission.

From about December 13, 1934, to January 1, 1942, Wood, as the result of successfully passing a civil service examination, held the position of Director of the State Employment Service (hereinafter referred to as Director).

November 16, 1936, while so employed, he took the examination for superintendent of the school, ranking third on the eligible list.

December 19, 1939, said eligible list "expired" under the rules of the commission.

May 1, 1941, there being a vacancy in the position of superintendent of the school, and no "eligible" list in existence, one Bundy received a provisional appointment as such superintendent, which position he held at the time of the trial of this cause.

January 1, 1942, Wood's position as Director was abolished by operation of law. Five days later he requested registration on the "preferred list" under paragraph 1 of Rule X of the rules of the commission. This request was granted as of January 1, 1942, and his name placed on that list "for the position of Director State Employment Service."

March 23, 1942, paragraph 2 of Rule X was repealed.

October 6, 1942, there being then no regular list of eligibles for the position of superintendent of the school, Bundy holding as a provisional appointee, Wood made formal request for the place under said rule.

February 24, 1943, the commission denied Wood's request for appointment to the said position, holding that there was no vacancy therein.

Section 1 of Rule X provides that one separated from a civil service position, as Wood was from the position of Director, "shall be entered upon a separate list of eligibles to be known as the 'Preferred List of Eligibles,' and such lists shall take precedence over any and all other eligible lists, and he or she shall be certified into any vacancy existing or occurring in the service, *and duties of which are of the same or similar character.*" The second paragraph of said Rule X, which was repealed March 23, 1942, reads: "Any position occupied by a provisional appointee shall be immediately vacated when it is found that anyone on the preferred list of eligibles is qualified to fill such position."

■ Under the Constitution and statutes there is no question of the power of the commission to pass such regulatory rules as X, or the rule providing for the expiration of eligible lists, or to repeal the second para-

graph of Rule X. Wood's position is, that prior to that repeal he had secured a vested right under it, by virtue of which he claims, and hence the repeal was impotent as to him.

No authority is cited in Wood's opening brief, two only in the answer of the commission, and several in the reply, which are admittedly not in point and if helpful only inferentially so. We have no fault to find with any decision cited, but get no assistance from any. A simple analysis of the admitted facts compels affirmance. But one rule of decision need be invoked and that so indisputable as to make citation superfluous.

■■ We assume that Wood was properly on the preferred list and entitled to any protection afforded him by paragraph 2 of Rule X. The mere fact that one takes an examination for a position and attains a preferential position could not well justify his retention in that position indefinitely. Examinations may be stiffened, additional qualifications be required by additional duties being attached to the position, those examined may deteriorate, others better qualified may knock at the door. Some limitation must of necessity be put upon these lists. Hence the rule of the commission invalidating lists of eligibles after the lapse of a given time. When the time so limited in the instant case expired on December 19, 1939, Wood's examination of three years previous, and his status attained thereby, went for naught. The entire examination became, as to all those not theretofore appointed, functus officio. Hence when Wood made his request for appointment on October 6, 1942, he had no standing whatever before the commission in support of his demand by reason of his former examination for superintendent taken six years before. Neither had he any standing by reason of his position on the preferred list. To give him such it was essential that the duties of superintendent should be the "same" or of a "similar character" to those of Director, which he had previously held. The language of paragraph 2 of Rule X

"when it is found that anyone on the preferred list of eligibles is qualified to fill such position" clearly refers to the closing language of paragraph 1 thereof, "the duties of which are of a same or similar character." Certainly it could not be expected that the commission would know the qualifications of all persons on the preferred list to fill positions for which they had never been examined, or would call in all such persons and give them a special examination in its search for such qualfications. Before Wood could prevail in an action in the nature of mandamus he was obliged to plead facts which, if true, would make the legal duty of the commission perfectly clear; and he was equally obliged to establish those allegations by proof. His complaint is barren of any assertion that the duties of Director and Superintendent "are of a same or similar character" and his record is equally barren of any evidence thereof.

But, says Wood, the commission gave as a reason for refusing his demand the absence of a vacancy when in fact there was one, or would have been had the commission discharged its duty under its own rule and ousted Bundy, a provisional appointee. The answer is that rule of decision, universally applicable in such circumstances, i. e., If the conclusion is correct the reason given is immaterial.

The judgment is affirmed.