People of the State of Illinois ex rel. Joseph Varallo et al., Plaintiffs-Appellees, v. Edward Linskey et al., and William C. Griffin, as Chief of Police of the Department of Police of Village of Skokie, Defendants-Appellants.

Gen. No. 46,881.

First District, Third Division.

December 5, 1956.

Released for publication January 2, 1957.

Myer H. Gladstone and Simon S. Porter, of Chicago, for defendants-appellants.

McCarthy, Toomey and Reynolds, of Chicago, for appellees; John E. Toomey and John M. Kaveny, both of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is a mandamus action by three patrolmen of the Skokie, Illinois, police force, seeking to compel defendants to fill a vacancy in the position of Sergeant of Police, by promotion of one of three persons highest on the Civil Service eligible list. The writ issued, commanding defendant Griffin, Chief of Police, to notify the Commissioners of the existence of the vacancy for sergeant and commanding the Commissioners to fill the vacancy from the eligible register. Defendants Griffin and the Commissioners have appealed.

The Village of Skokie adopted the Fire and Police Commissioners Act (Chap. 24, Art. 14–1 et seq., Ill. Rev. Stat., 1953) April 17, 1945, and thereafter the Commissioners were duly appointed, and held office when suit was filed October 28, 1955.

Relators on January 9, 1953, took a promotional examination, conducted by the Commissioners, for the position of sergeant. They were later notified they had passed and were placed on the eligible list as follows: Thiry, number 5; Herriman, number 6; Varallo, number 7; and Carlstedt, number 8. On July 17, 1955, the Commissioners by resolution cancelled the list and struck the names of the eligibles, including relators.

The resolution was passed pursuant to a rule of the Commission that "names remaining on eligible registers for two years and one day shall continue to remain . . . unless the same shall have been stricken . . . by the Commission."

On October 28, 1955, a new promotional examination for sergeant was held and a new eligible list was posted, but the relators did not take the examination and their names did not appear on the list. On August 15, 1955, a vacancy occurred in the office of sergeant and this suit followed.

The court sustained plaintiffs' motion for judgment on the pleadings on the ground there was no issue of fact and no sufficient defense.

The decisive questions are whether the Commissioners had power to adopt the rule under which they cancelled the list on July 17, 1955, and if so, whether the action under the rule was affected by a resolution prior to that date extending the life of the list to January 10, 1956.

■ ■ Defendants admit that Article 14 of the Cities and Villages Act (Optional—Fire and Police Commissioners, Chap. 24, Ill. Rev. Stat.) does not expressly give the power to make the rule. They claim the power is implicit. They rely upon the rule of construction that an express grant of power includes "the express grant of power to do all that is reasonably necessary to execute the power" (Owens v. Green, 400 Ill. 380, 400); and upon Wood v. State Civil Service Commission, 155 P.2d (Colo.) 153. The rule of construction is fundamental and the Colorado case does hold that the Commissioners there "of necessity" had power to place a time limit upon the eligible list.

But relators argue that the power to strike lists was expressly granted to Commissions by the Illinois legislature in the 1895 Civil Service Act for Cities (Chap. 24½, Para. 48, Ill. Rev. Stat.); in the Civil Service Act

78

of 1911 for Parks (Chap. 24½, Para. 122 [Ill. Rev. Stats. 1955]); in the Civil Service Act for the Chicago Sanitary District (Chap. 42, Para. 323.7 [Ill. Rev. Stats. 1955]); and in the State Civil Service Act (Chap. 24½, Para. 1 et seq. [Ill. Rev. Stats. 1955]).

The relators contend the legislature must have known of the express power in the Cities Act when it passed the Fire and Police Commissioners Act eight years later in 1903, and must have had a purpose in withholding that power from the latter; also, that the Fire and Police Commissioners Act has been amended many times between 1903 and 1941, and the power still not granted though the legislature must have known of its express grants in the other acts mentioned; further, that the State Civil Service Act was amended in 1955, after fifty years, to grant the power and yet the power was still withheld from the Fire and Police Commissioners Act.

The arguments of relators are convincing and are not overcome by the decision in Wood v. State Civil Service Commission, 113 Colo. 135, 155 P.2d 153. There the court said: "The mere fact that one takes an examination for a position and attains a preferential position could not well justify his retention in that position indefinitely. Examinations may be stiffened, additional qualifications be required by additional duties being attached to the position, those examined may deteriorate, others better qualified may knock at the door. Some limitation must of necessity be put upon these lists." But that court also said there was no question of the power of the Commission, "under the Constitution and statutes," to pass a rule providing for the expiration of eligible lists.

Defendants argue that necessary physical qualifications for positions may change with changing circumstances and leave the Commission helpless to keep apace of developments unless it could reasonably limit

79

the life of lists; also that in the absence of the power defendants would be unable to strike from the roster names of eligibles who are nearing the retirement age; and finally, that without the power the legislative purpose to prefer war veterans would be frustrated. These are practical problems which should be presented to the legislature. They cannot call up the power which was sought to be exercised here.

It is our opinion that the Commissioners had no power to adopt the rule under which they sought to cancel the sergeants list. We need not consider the other question. For the reasons given, the judgment is affirmed.

Affirmed.

FEINBERG, P. J. and LEWE, J., concur.