**GREENSWAY DEVELOPMENT COMPANY, Pinehurst Country Club, Wade L. Fenton, Helen M. Fenton, Herbert R. Becker, Beverly J. Becker, and Gary A. Oakley, Plaintiffs-Appellants,**

v.

**ACADEMY PARK LTD., The Gerri Company, Lorretto Literary and Benevolent Institution, Martin Marietta Corporation, The Mountain States Telephone and Telegraph Company, Whitney Newton II, V.N.J. Corporation, I.D.S. Realty Trust, I.D.S. Mortgage Development Corporation, Bear Valley Christian Church, Hensel Phelps Construction Company, P.C.M.T., Von Frellick Associates, Inc., Denver Fidelity Properties, Inc., State Farm Mutual Automobile Insurance Company, Richard P. Hall, William E. Murane, William C. McClearn, Ben E. Chidlaw, James E. Hegarty, Gerald L. Meer, Donald Handler, Robert V. Rose, William M. Ambrose, Chris M. Saros, Hermut Asher, Joseph C. Marx, Eugene N. Ambrose, Robert L. Hall, Mary Turner, United California Bank, and the City of Lakewood, acting by and through its City Council, Defendants-Appellees, and Tishman West Management Corporation, Intervenor-Defendant.**

No. 79CA0517.

Colorado Court of Appeals, Division I.

Jan. 10, 1980.

Rehearing Denied Jan. 31, 1980.

Calkins, Kramer, Grimshaw & Harring, James S. Bailey, Jr., Denver, for plaintiffs-appellants.

Richard W. Laugesen, Jr., Denver, for defendant-appellee State Farm Mutual Automobile Insurance Co.

Richard B. Harvey, Denver, for defendant-appellee City of Lakewood, acting by and through its City Council.

Leon M. Bronfin, Denver, for defendants-appellees, V.N.J. Corporation and Denver Fidelity Properties, Inc.

Richard P. Hall, Denver, for defendants-appellees, Richard P. Hall, William E. Murane, William C. McClearn, Ben E. Chidlaw, James E. Hegarty, Gerald L. Meer, Donald Handler, Robert V. Rose, William M. Ambrose, Chris M. Saros, Hermut Asher, Joseph C. Marx, Eugene M. Ambrose, Robert L. Hall, and Mary Turner.

Lawrence L. Levine, Morris E. McLain, Denver, for defendant-appellee Martin Marietta Corp.

Frederick O. Jolley, Denver, for defendants-appellees, Hensel Phelps Construction Company and P.C.M.T. Partnership.

Thomas C. Singer, II, Englewood, for defendants-appellees, Von Frellick Associates, Inc., Gerri Co., Academy Park Limited and Whitney Newton, II.

DeMuth, Eiberger, Kemp & Backus, Donald A. Houlehan, Denver, for defendant-appellee Mountain States Telephone & Telegraph Co.

COYTE, Judge.

Plaintiffs appeal the dismissal with prejudice of their complaint for failure to join an indispensable party. We reverse.

In December of 1978, the Lakewood City Council adopted an ordinance which rezoned certain land from a variety of previously zoned categories to a Planned Development District. Plaintiffs timely filed their complaint under C.R.C.P. 106(a)(4). The caption of the complaint named as defendants numerous individual and corporate parties, and concluded by naming, "THE CITY OF LAKEWOOD, acting by and through its City Council."

The trial court issued a citation and order directing the "City of Lakewood, by and through its City Council," to certify to the trial court the record of the City Council meeting at issue and ordered that a copy of the citation and order "be forthwith served upon the City Council of the City of Lakewood." The Jefferson County Sheriff's return of service certified that the Sheriff had accomplished service by giving a copy of the citation to:

"Mary Ann Fritz, Deputy City Clerk, for the said defendant, Lakewood City Council . . . ."

Thereafter, based on its finding that the plaintiffs had failed to join the Lakewood City Council, an indispensable party, the trial court dismissed the action with prejudice. The trial court's reasoning was premised on the fact that the words, "CITY OF LAKEWOOD," like the preceding defendants' names were capitalized, but the words "acting by and through its City Council" were not in capitals.

Plaintiffs assert that the trial court erred in ruling that the Lakewood City Council was not joined as a party within 30 days of passage of the rezoning ordinance as required by C.R.C.P. 106(a)(4). We agree.

Under the circumstances here, it was too narrow a view to rely on a strict grammatical construction to find that the City Council of Lakewood was not made a party. As the court stated in *Swann v. Zwahlen*, 131 Colo. 184, 280 P.2d 439 (1955):

> " 'Lack of adherence to formalities which do not result in prejudice should not interfere with the determination of the issues on the merits.' . . . 'The rules indicate clearly a general policy to disregard narrow technicalities and to bring about the final determination of justiciable controversies without undue delay.' "

Here, the plaintiffs' failure to capitalize the entire phrase "City of Lakewood, acting by and through its City Council," should not preclude a determination of the issues on the merits. The trial court's language in its citation and order referring to the Lakewood City Council, the language in the return of service referring to the Lakewood City Council as defendant, and the language in the caption of the case referring to the City Council all indicate sufficiently that the intended defendant was the City Council of the City of Lakewood and not the City of Lakewood.

Moreover, if we assume that joinder of the city council was necessary, the defendant, the City Council of Lakewood, was not prejudiced by the ambiguous typographical construction of the caption. It was duly served within 30 days and was sufficiently named in the complaint and citation and order to put it on notice both of the pendency of the action and of its being a defendant. Hence, the trial court erred in dismissing plaintiffs' complaint for failure to join the City Council of Lakewood.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SMITH and KELLY, JJ., concur.