**Ann Gold SPAHN, Plaintiff-Appellant,**

v.

**STATE DEPARTMENT OF PERSONNEL, DIVISION OF EMPLOYMENT AND TRAINING, Defendant-Appellee.**

No. 79CA1174.

Colorado Court of Appeals,
Div. I.

July 3, 1980.

After a hearing regarding termination of her employment before the State Personnel Board (Board), plaintiff sought review of that decision in the district court. However, plaintiff failed to name the Board as a party. Instead, plaintiff designated her employer and the State Department of Personnel (Personnel Department) as parties.

Defendants filed a motion to dismiss contending that plaintiff had failed to join an indispensable party, the Board, and that therefore, the court lacked jurisdiction. Citing § 24–50–103(2), C.R.S. 1973 and § 24–1–105(1), C.R.S. 1973 (1979 Cum. Supp.), plaintiff responded that the Personnel Department is the "principal department" responsible for the administration of the Board and that therefore, plaintiff's designating the Personnel Department is sufficient to establish jurisdiction. In the alternative, plaintiff requested leave to amend the complaint to join the Board.

The district court found, *inter alia*, that the Board exercises its duties independently of the Personnel Department; that the designation of the Personnel Department is insufficient; and that the Board is an indispensable party to the action. The court dismissed the complaint for failure to join the Board and denied plaintiff's motion to amend the complaint because the thirty day time limit had passed. *See* § 24–4–106(4), C.R.S. 1973 (1979 Cum. Supp.). This was proper.

Section 24–4–106(4), C.R.S. 1973 (1979 Cum. Supp.) provides in pertinent part:

"Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days . . . . *A proceeding for such review may be brought against the agency by its official title . . . .*" (emphasis added)

Here, the proceeding was not brought against the Board by its official title. Thus, the issue is whether the error in designation is a mere technical error which should not preclude a determination of the issues on the merits. *See Greensway Development Co. v. Academy Park, Ltd.*, Colo. App., 608 P.2d 845 (1980).

Johnson & Mahoney, P. C., Mary Butler, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Ann Sayvetz, Asst. Atty. Gen., Denver, for defendant-appellee.

COYTE, Judge.

In this action for judicial review pursuant to § 24–4–106(4), C.R.S. 1973 (1979 Cum. Supp.), plaintiff appeals the judgment of the district court dismissing her complaint and denying her motion to amend. We affirm.

■ The Board and the Personnel Department are distinct entities with separate powers and responsibilities. *See* Colo. Const. Art. XII, Sec. 14; §§ 24–50–102, 24–50–103, C.R.S. 1973. The Board's responsibilities include adopting rules concerning employee efficiency, competency, and grievances, and holding hearings to review the actions of the heads of departments. The Personnel Department's responsibilities include directing the administration of the state personnel system under the rules promulgated by the Board, and directing the administration of the Board.

■ Although § 24–50–103(2), C.R.S. 1973, states that the Board performs its duties "under" the Personnel Department, § 24–1–105(1), C.R.S. 1973 (1979 Cum. Supp.) provides that the Board shall exercise its prescribed statutory powers, duties, and functions independently of the head of the Personnel Department. Thus, the Personnel Department does not oversee the Board's activities. Rather, the Board reviews the actions of the head of the Personnel Department. *See* §§ 24–50–104 and 24–50–125, C.R.S. 1973.

■ Under this constitutional and statutory scheme, the two entities are distinct, and thus, the designation of the Personnel Department instead of the Board is not a mere technical error. Therefore, plaintiff failed to bring her review proceeding against the agency whose action had adversely affected her. And, since the language of § 24–4–106(4), C.R.S. 1973 (1979 Cum. Supp.) is mandatory, *see Cissell v. Colorado State Board of Assessment Appeals*, 38 Colo.App. 560, 564 P.2d 124 (1977), the district court properly dismissed the complaint for failure to join an indispensable party and properly denied the motion to amend.

Judgment affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.