COLD SPRINGS RANCH, INCORPORATED, Petitioner–Appellee,

v.

STATE of Colorado, DEPARTMENT OF NATURAL RESOURCES, MINED LAND RECLAMATION DIVISION and Crested Butte Concrete, a/k/a Colorock, Inc., Respondents–Appellants.

No. 85CA1461.

Colorado Court of Appeals, Div. II.

June 9, 1988.

Frederick L. Swenson, Boulder, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Linda E. White, Asst. Atty. Gen., Denver, for respondents-appellants.

Calkins, Kramer, Grimshaw & Harring, Susan E. Burch, Denver, for respondent-appellant Crested Butte Concrete, Inc.

SMITH, Judge.

The State of Colorado, Department of Natural Resources, Mined Land Reclamation Division (Division) and Crested Butte Concrete, a/k/a Colorock, Inc. (Crested Butte) appeal a judgment of the district court entered on judicial review pursuant to § 24-4-106(4), C.R.S. (1987 Cum.Supp.). The trial court held that an amendment to an original mining permit granted to Crested Butte was in violation of the due process rights of Cold Springs Ranch, Inc. (Cold Springs) and was an abuse of discretion. The trial court remanded the matter to the division with instructions that a public hearing be afforded to Cold Springs. We reverse.

Citing *Spahn v. State Department of Personnel*, 44 Colo.App. 446, 615 P.2d 66 (1980), the Division and Crested Butte argue that the court should have dismissed Cold Springs' action because Cold Springs failed to name the proper party defendant, *i.e.*, the Mining Reclamation Board (Board). Cold Springs argues that the *Spahn* case is inapplicable here because: 1) the General Assembly intended the Department of Natural Resources (Department) to have full power and authority to carry out and administer the Mined Land Reclamation Act, § 34-32-101 et seq. C.R.S. (1987 Cum. Supp.) (The Act); 2) failure to name the Board was waived by the failure to file a C.R.C.P. 19 motion; 3) the organic legislation creating the Department and Board is completely different than that in the

*Spahn* case; and 4) the Board does not have the authority to review the action of the Division or Department. In addition, it argues that the Division had sufficient opportunity to argue the case on its merits; therefore, any failure to name the Board was a mere technical error which did not affect the justiciability of the controversy.

Both Division and Crested Butte raised in their answers the defense of failure to state a claim upon which relief can be granted. All parties filed briefs in support of their respective positions. In the brief filed by the Division, a specific request for dismissal was made for failure of Cold Springs to name the Board as the proper party defendant. The Division, in its answer, denied that it had any authority to issue permits and amendments. We conclude that the *Spahn* case is controlling as to the result here.

█ The defense of failure to state a claim upon which relief can be granted may be made in any pleading, by a motion for judgment on the pleadings, or at trial. C.R.C.P. 12(h)(2). Therefore, Division and Crested Butte preserved that defense by raising it both in their answers and in their briefs. C.R.C.P. 19 is not applicable in proceedings brought under the State Administrative Procedure Act, § 24-4-101, et seq., C.R.S. (1987 Cum.Supp.). *West-Brandt Foundation, Inc. v. Carper*, 199 Colo. 334, 608 P.2d 339 (1980). Nevertheless, although the defense was labeled as a failure to state a claim upon which relief can be granted, the allegations found in the Division's response and brief were sufficient to raise the issue of failure to join an indispensable party. *See Nations Enterprises, Inc. v. Process Equipment Co.*, 40 Colo.App. 390, 579 P.2d 655 (1978); C.R.C.P. 8(f).

█ The central issue here is whether the Board and the Division (or Department) are distinct entities with separate powers and responsibilities.

The Department of Natural Resources (Department) was created pursuant to the Administrative Organization Act of 1968, § 24-1-124(1), C.R.S. (1987 Cum.Supp.), as

a principal department, § 24–1–110, C.R.S. (1987 Cum.Supp.), in accordance with Colo. Const. art. IV, § 22. Although the Department includes the Board as part of the office of the executive director, § 24–1–124(2.1), C.R.S. (1987 Cum.Supp.) and § 34–32–105(1), C.R.S. (1987 Cum. Supp.), the Board is to exercise its powers and perform its duties and functions as if it were transferred to the Department by a *type one* transfer. Sections 24–1–124(2), C.R.S. (1987 Cum.Supp.) and 34–32–105(3), C.R.S. (1987 Cum.Supp.).

A "type one" transfer means that the Board is administered under the direction and supervision of the Department, but it is required to exercise its powers, duties, and functions, including rule making and the issuance of permits, independently of the executive director. Section 24–1–105(1), C.R.S. (1987 Cum.Supp.). No governmental office or political subdivision of the state other than the Board has the authority to issue a permit. Section 34–32–109(6), C.R.S. (1987 Cum.Supp.). The Division is defined as a section of the Department. 2 Code Colo. Reg. 407–1.

 Thus, by statutory and constitutional scheme, the Department and the Board are two distinct entities. The language in *Spahn* as to the Personnel Board's authority to review the actions of the Personnel Division is dicta. Therefore, designation of the Department (or Division) as a party defendant in lieu of designation of the Board is more than a technical error. *See Spahn v. State Department of Personnel, supra.*

Section 24–4–106(4), C.R.S. (1987 Cum.Supp.) requires that: "Every party to an agency action in a proceeding under § 24–4–105 not appearing as plaintiff in such action for judicial review shall be made a defendant...." Therefore, the Board is an indispensable party in an action seeking review of the issuance of a permit by such Board. Failure to join properly such a party is a defect of constitutional proportion requiring dismissal of the action. *Cissell v. Colorado State Board of Assessment Appeals*, 38 Colo.App. 560, 564 P.2d 124 (1977).

An amendment of § 24–4–106(4), C.R.S. (1987 Cum.Supp.) now prohibits dismissal for failure to join an indispensable party until an opportunity has been afforded to an affected party to bring the indispensable party into the action. Colo.Sess. Laws 1981, ch. 276, § 24–4–106(4) at 1135. Here, that requirement has been met since the answers and briefs of the Division and Crested Butte sufficiently provided Cold Springs the opportunity to name the Board as a proper party defendant. Hence, the action should have been dismissed for Cold Springs' failure to name an indispensable party.

Based on our holding here, we need not address the remaining contentions of error.

Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the district court with directions to dismiss the complaint for failure to join an indispensable party.

STERNBERG and BABCOCK, JJ., concur.