UNIVERSITY OF SOUTHERN COLORADO, Respondent–Appellant,

v.

The STATE PERSONNEL BOARD OF the STATE OF COLORADO, Appellee,

and

James R. Tising, Charles E. Sutton, and Jack L. Lowe, Complainants–Appellees.

No. 86CA1831.

Colorado Court of Appeals, Div. II.

July 28, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent-appellant.

Joe T. Ulibarri, Pueblo, for complainants-appellees.

Vonda G. Hall, Denver, amicus curiae for the Colorado Ass'n of Public Employees.

SMITH, Judge.

The University of Southern Colorado (USC) seeks review of the decision of the Colorado State Personnel Board (Board) which ordered reinstatement with back pay of three certified public safety employees (complainants). The complainants were terminated because their positions were eliminated by a reorganization of the existing campus police operation at USC to a more limited security function. We reverse and remand for further proceedings.

On May 10, 1985, complainants, who were certified state employees, were given notice of the termination of their employment as of August 31, 1985. They filed timely appeals and a hearing was scheduled for August 20 through 23, 1985, to determine the lawfulness of their terminations based on USC's reorganization decision. A hearing officer decided the appeal, as a matter of law, without an evidentiary hearing. On appeal, the Board vacated that decision and remanded the matter to the hearing officer for an evidentiary hearing to determine whether USC had complied with § 24–50–128, C.R.S. (1982 Repl. Vol. 10) in abolishing the positions which claimants held.

That evidentiary hearing began on May 7, 1986, long after the reorganization plan had been implemented and was in place. Complainants first argued that USC had failed to comply with the provisions of § 24–50–128, C.R.S. (1982 Repl. Vol. 10) prior to providing complainants with notice of termination. Complainants contended that the only way for them effectively and timely to appeal their layoffs, pursuant to the procedure set forth in the State Administrative Procedure Act, § 24–4–101, et seq. C.R.S. (1982 Repl. Vol. 10), and in regulations promulgated thereto, was to require that USC's reorganization plan be completed and adopted prior to May 10, 1985, the date on which they were notified of their terminations. They argued that any other construction of the law denied them due process in that their positions would have been abolished without them having an opportunity to attack the reorganization. Complainants alternatively argued that the reorganization was unlawful under § 24–50–128(3), C.R.S. (1982 Repl. Vol. 10) because it permitted USC to replace them with contract security officers performing

duties, all of which were included within the range of duties they, as full time employees, were and had been performing.

After considering the evidence, the hearing officer agreed that a plan for reorganization must be fully developed and in place at the time an employee is provided notice of termination in order for such employee to have a meaningful right to seek review of the decision. Although the hearing officer acknowledged that there is no express provision of the law that requires that such plan be actually adopted and implemented prior to notice, he nevertheless concluded that USC had not complied with the provisions of § 24–50–128, C.R.S. (1982 Repl. Vol. 10) prior to giving notice of termination. The Board upheld the hearing officer's findings of fact and agreed that complainants were not given proper or timely notice of the reasons for termination. It ordered complainants reinstated with back pay. The execution of that order was stayed pending this appeal.

Since the Board decided that the terminations were invalid because complainants were provided insufficient and premature notice, it declined to address the questions of whether it had jurisdiction to review the personal services contract or whether the contract complied with § 24–50–128(3), C.R.S. (1982 Repl. Vol. 10).

We conclude that, although it would have been preferable for USC to have fully implemented the plan for complainants' terminations prior to May 10, 1985, nevertheless, complainants ultimately were afforded due process as required by law.

### I.

The case of *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) addresses the issue of the pre-termination process that must be afforded a public employee who can be discharged only for cause.

■ The minimum procedural due process requirements to terminate complainants' property rights in continued employment is a matter of federal constitutional law. *Cleveland Board of Education v. Loudermill, supra.* An essential principle of due process is that deprivation of such property be preceded by notice and opportunity for hearing appropriate to the nature of the case. *Cleveland Board of Education v. Loudermill, supra; Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 95 L.Ed.2d 865 (1950). Some kind of hearing must occur prior to the discharge. *Cleveland Board of Education v. Loudermill, supra,* quoting *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ However, the pre-termination hearing, though necessary, need not be elaborate. The formality and procedural requisites for such hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings. *Cleveland Board of Education v. Loudermill, supra,* quoting *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Such hearing need not definitively resolve the propriety of the discharge but should be an initial check against mistaken decisions, essentially a determination of whether there are reasonable grounds to serve as a basis for the discharge. *Cleveland Board of Education v. Loudermill, supra.*

■ Application of these principles to the circumstances here leads to the conclusion that complainants were afforded due process. A pre-termination hearing was provided to them on August 20, 1985. Were it not for the initial summary disposition entered by the hearing officer, pursuant to complainants' request, complainants would have had a full evidentiary hearing at that time. Moreover, a post-termination hearing was provided within a reasonable time wherein complainants had available to them the completed reorganization plan and the contract of employment and could have fully examined, through testimony, the type of relationship established between USC and the security services. *See Cleveland Board of Education v. Loudermill, supra.*

## II.

However, although complainants were provided with adequate procedural due process, this matter must be remanded to the Board for a determination of whether the provisions of § 24–50–128(3), C.R.S. (1982 Repl. Vol. 10) were violated by complainant's termination and replacement with contract security officers.

Section 24–50–128(3), C.R.S. (1982 Repl. Vol. 10) provides:

"It is declared to be the policy of the state that contracts for personal services which create an *employer-employee relationship* shall normally not be used to fill permanent or temporary positions in the state personnel system where the duties of such positions are classified and where such duties are commonly or historically performed by employees in regular positions under the state personnel system. If the duties of the position will not become a permanent assignment within the personnel system or if either a classification does not exist into which the position can properly be allocated or the nature of the work is so unusual or specialized that there is no need to develop a permanent class specification, as determined by the state personnel director the head of a principal department or college or university may seek approval of the state personnel director to enter into a personal service contract for such a position. . . . In no event shall the contract exceed six months in a twelve-month period . . . through any combination of a contract and any other type of temporary appointment." (emphasis added)

Here, although some evidence of the right to control, as it relates to whether an employer-employee relationship is formed, was presented, the hearing officer made no findings concerning whether the personal services contract created an employer-employee relationship between USC and the private security services firm, or whether the new security officers were independent contractors. Moreover, in focusing exclusively on the notice procedure followed, neither the hearing officer nor the Board addressed the policy concerns set forth in the statute. No real comparison was made between the duties performed by complainants and those to be undertaken by the contract employees.

■ Thus, the validity of the abolition of complainants' positions has not yet been addressed. Contrary to the arguments made by USC at the administrative proceedings, the Board has the authority to review the state personnel director's decision approving or disapproving a personal services contract. *See Spahn v. State Department of Personnel*, 44 Colo.App. 446, 615 P.2d 66 (1980). Therefore, it is necessary to remand this matter to the Board for review of the contract entered into by USC, and to hear such evidence as is necessary to determine if the substantive procedural requirements of § 24–50–128(3), C.R.S. (1982 Repl. Vol. 10) were violated.

Accordingly, the order of the Board reinstating the complainants is reversed. This matter is remanded to the Board for further proceedings to determine the lawfulness of complainants' terminations in light of § 24–50–128(3) C.R.S. (1982 Repl. Vol. 10). If the Board finds that the statute was violated, then it must also address the question of the appropriate remedy under either that statute or other provisions of law.

KELLY, C.J., and VAN CISE, J., concur.