Jeffrey W. WILLIAMS, Plaintiff–Appellant,

v.

The COLORADO AIR NATIONAL GUARD, and John L. France, Adjutant General, Colorado Air National Guard, in his official and individual capacities, Defendants–Appellees.

No. 90CA0804.

Colorado Court of Appeals, Div. IV.

Nov. 21, 1991.

Charles F. Kaiser and Sylvian R. Roybal, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Simon P. Lipstein, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge HUME.

Plaintiff, Jeffrey W. Williams, appeals the trial court's judgment dismissing his claims against defendants, Colorado Air National Guard (COANG) and John L. France, adjutant general. We affirm.

Plaintiff was employed as a technician pursuant to the National Guard Technician Act of 1968, 32 U.S.C. § 709 (1988) (Act). On December 3, 1987, plaintiff acknowledged receipt of a letter informing him of his termination effective January 8, 1988, because of an "unacceptable performance appraisal."

Plaintiff's amended complaint stated three claims: breach of an employment contract; violation of Fourteenth Amendment due process under color of state law pursuant to 42 U.S.C. § 1983 (1988); and violation of due process guaranteed by Colo.Const. art. II, § 25.

Defendants filed a motion to dismiss plaintiff's complaint, asserting that the trial court lacked jurisdiction to review military decisions, that the court did not have jurisdiction because plaintiff's remedies

were exclusively under federal law in federal courts, that plaintiff had no property interest in continued military service, and that sovereign immunity barred plaintiff's action for wrongful termination. Relying on *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971) as applied to civilian technicians by *Costner v. Oklahoma Army National Guard*, 833 F.2d 905 (10th Cir.1987), the court found that plaintiff's termination involved military expertise and discretion and dismissed the action. We affirm the trial court's dismissal of plaintiff's claims, but do so on different grounds.

As an introductory matter, we note that when passing upon a motion to dismiss a complaint, the court can consider only the matters stated therein and must not go beyond the confines of the pleading. *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969). In reviewing the trial court's dismissal, the appellate court is in the same position as the trial judge. *Espinoza v. O'Dell*, 633 P.2d 455 (Colo.1981).

## I.

We first address plaintiff's contention that COANG breached its employment contract with him. We disagree with the premise that a contract existed between COANG and plaintiff.

The National Guard is a hybrid entity—a state agency, under state authority and control, but provided for by federal law as to activity, makeup, and function. *New Jersey Air National Guard v. Federal Labor Relations Authority*, 677 F.2d 276 (3d Cir.1982). It serves the state in time of civil emergencies within the state as well as being available for federal service during national emergencies. *Johnson v. Orr*, 780 F.2d 386 (3d Cir.1986) (quoting *Engblom v. Carey*, 522 F.Supp. 57 (S.D.N.Y.1981)).

The adjutant general is a state officer appointed by the governor, § 24-1-127(1), C.R.S. (1988 Repl.Vol. 10A) and § 28-3-105, C.R.S. (1989 Repl.Vol. 11B), but he is also an agent of the United States in his capacity as administrator for federal technicians. *Costner v. Oklahoma National Guard, supra.*

However, a technician under the Act "is an employee of the ... Department of the Air Force, ... and an employee of the United States." *See* 32 U.S.C. § 709(d) (1988). Thus, plaintiff's employment contract was with the federal government, not the state.

In his complaint, plaintiff named only COANG as defendant for the breach of contract claim. COANG is a *state* agency. *See* §§ 28-3-101, et seq., C.R.S. (1989 Repl. Vol. 11B); *see also* 10 U.S.C. § 8495 (1988) (Air National Guard not in active federal service until so ordered); *Perpich v. Department of Defense*, 496 U.S. ——, 110 S.Ct. 2418, 110 L.Ed.2d 312 (1990) (National Guard members hold status of state military until called into federal service). Since plaintiff did not attempt to join his federal employers as parties to his action on the contract claim, that claim was properly dismissed pursuant to C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted.

Pleading a defense of failure to state a claim upon which relief may be granted is sufficient to raise the issue of failure of plaintiff to join an indispensable party. *Cold Springs Ranch v. Department of Natural Resources*, 765 P.2d 1035 (Colo.App.1988).

## II.

Plaintiff next contends that the adjutant general violated plaintiff's rights to procedural due process and therefore may be sued for damages under 42 U.S.C. § 1983 (1988). We disagree.

Section 1983 provides a basis for relief whenever a person has been deprived of his federally guaranteed civil rights under color of state law. *Dillingham v. University of Colorado*, 790 P.2d 851 (Colo. App.1989). Plaintiff must allege that state action deprived him of such a right. We find no sustainable allegation of state action present here.

As noted earlier, the adjutant general is a state officer as well as an agent of the United States government. However, when making personnel decisions affecting a § 709 technician, the adjutant general acts in his federal capacity. The adjutant general is deemed a federal officer in this situation because the Secretary of the Army and Air Force have delegated personnel decision-making authority to the adjutants general of the various states. *See* 32 U.S.C. § 709(c) (1988); *see also Washington State National Guard v. Washington State Personnel Board,* 61 Wash.2d 708, 379 P.2d 1002 (1963) (adjutant general acts as a federal agent when dismissing § 709 technicians).

Because the adjutant general's actions complained of here occurred in his role as a federal agent, under authority delegated pursuant to a federal statute and regulations promulgated by the United States Secretary of the Air Force, there was no legally sustainable allegation of action under color of state law to support a § 1983 claim.

### III.

Plaintiff's final contention is that his right to due process of law guaranteed by Colo.Const. art. II, § 25 was violated by defendants and that he is thereby entitled to relief in the form of reinstatement and damages. We disagree.

We first note that because plaintiff did not join his employer, injunctive relief in the form of reinstatement is not available.

Nor is plaintiff entitled to damages. While plaintiff's employment is considered "civilian" when he is discharging his daily duties as a technician, he is also required by 32 U.S.C. § 709(b) (1988) to be concurrently a military member of COANG in the military grade specified by the Secretary of the Air Force as a condition to such employment. Moreover, the legislative history of the Act shows that Congress considered the military mission of a technician to be paramount and that the duties of a technician were inseparable from his or her military obligations. *Martelon v. Temple,* 747 F.2d 1348 (10th Cir.1984). Thus, the totality of the employment relationship is characterized as military. *See Costner v. Oklahoma National Guard, supra.*

As a member of the military, plaintiff is thus precluded from suing his superior officers for damages. In *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), the court held that enlisted personnel could not recover damages from a superior officer for alleged constitutional violations because the unique disciplinary structure of the military makes such a remedy inappropriate. While plaintiffs in *Chappell* claimed violations of their federal constitutional rights, we find that the rationale precluding the recovery of damages is just as compelling when there are claimed violations of state constitutional rights. *See also Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988) (federal officials absolutely immune from state law constitutional and common law tort actions when acting within scope of their official duties and when the conduct is discretionary in nature).

Thus, we hold that plaintiff's claim for money damages and injunctive relief under Colo.Const. art. II, § 25 is barred.

Judgment affirmed.

REED and ROTHENBERG, JJ., concur.