Denise MARTINEZ, Petitioner–Appellant,

v.

DEPARTMENT OF PERSONNEL AND ADMINISTRATION EXECUTIVE OFFICE, Respondent–Appellee,

and

State Personnel Board, State of Colorado, Appellee.

No. 04CA1174.

Colorado Court of Appeals, Div. III.

April 20, 2006.

§ 24–51–1105, C.R.S.2005.

Salazar Consultant Group, LLC, Joseph A. Salazar, Northglenn, Colorado, for Petitioner–Appellant.

John W. Suthers, Attorney General, Joseph F. Haughain, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

No Appearance for Appellee.

ROY, J.

Petitioner, Denise Martinez (employee), appeals an order of the State Personnel Board (the Board) upholding the decision of the Department of Personnel (the Department) to administratively separate her from her employment as an Accounting Technician. We reverse and remand with directions.

Employee was hired by the Department in April 2000, as an Accounting Technician II, and was subsequently certified in that position. In May 2002, another employee, holding an Accounting Technician III position dealing primarily with payroll duties, resigned and employee, after some initial training, assumed the duties of the departed employee. According to the Department, the duties previously assigned to employee as an Accounting Technician II were dispersed to other employees and the Accounting Technician II position was eliminated.

Subsequently, employee submitted a request for a reallocation of her position to the Accounting Technician III classification. This request was granted November 5, 2002, and employee thereupon commenced a six-month probationary period in that classification which was scheduled to end May 4, 2003.

Employee's supervisor gave her an overall rating in her new classification of "Needs Improvement" for the annual period extending from April 1, 2002 to March 31, 2003. In April 2003, employee was advised of her rating. On May 2, 2003, the Department revoked her trial service status in the Accounting Technician III position. Employee then reverted to her certified classification, Accounting Technician II, and because there were no vacancies in that classification, she was administratively separated from the civil service pursuant to Personnel Board Rule R–4–11(A) (the rule), which became effective May 1, 2003, the day before the separation. Dep't of Personnel (DOP) Reg. No. 4–11(A), 4 Code Colo. Regs. 801. The Department did not elect to administer corrective or disciplinary action prior to the employee's administrative separation.

The rule provides that:

Trial Service applies when a certified employee promotes or reappoints. The trial service period must not exceed six working months, except as provided in the "Time Off" chapter or when there is a selection appeal pending.

*An employee who fails to perform satisfactorily during trial service shall revert to an existing vacancy in the previously certified class in the current department with no right to a hearing or, if there is no existing vacancy in the previously certified class, may be administratively separated.* The appointing authority has discretion to administer corrective or disciplinary action instead of reversion or administrative separation.

Dep't of Personnel (DOP) Reg. No. 4–11(A), 4 Code Colo. Regs. 801 (Slightly modified and renumbered R–4–28B, effective July 1, 2005, *see* Dep't of Personnel (DOP) Reg. No. 4–28B(A), 4 Code Colo. Regs. 801 (emphasis added)). Of note, amendments to the rule effective May 1, 2003, for the first time, permitted an administrative separation following a promotional probation if there was no existing vacancy in the previously certified class.

Following a hearing, an administrative law judge (ALJ) affirmed the Department's decision to administratively separate employee. Employee then appealed the decision to the Board, which affirmed. This appeal followed.

■ On appeal, employee challenges the rule on due process grounds. At oral arguments we raised, and requested supplemental briefing on, the issue of whether the former Rule R–4–11(A) was valid in light of § 24–50–112.5(5)(b), C.R.S.2005, which addresses the same circumstance. We now address that issue and conclude that the rule is void to the extent that it conflicts with the statute.

■ It is undisputed that the Board has broad powers to enact rules under the Colorado Constitution and statute. Colo. Const. art XII, § 14(3); *see also Wood v. State Civil Serv. Comm'n*, 113 Colo. 135, 155 P.2d 153 (1944); *Spahn v. State Dep't of Pers.*, 44 Colo.App. 446, 615 P.2d 66 (1980). However, any rule or regulation enacted by the Board that is contrary to or inconsistent with the authorizing statute is void. *See Suetrack USA v. Indus. Claim Appeals Office*, 902 P.2d 854 (Colo.App.1995). Furthermore, unless expressly or impliedly authorized by statute, administrative rules and regulations are without force and effect if they add to, change, modify, or conflict with an existing statute. *Flavell v. Dep't of Welfare*, 144 Colo. 203, 355 P.2d 941 (1960); *Adams v. Dep't of Soc. Servs.*, 824 P.2d 83 (Colo.App. 1991).

Section 24–50–112.5(5)(b) provides:

The board shall establish probationary periods for all persons who are initially appointed or promoted into a different position or who are in a position reallocated to a higher pay grade. The probationary period shall not exceed twelve months for any class or position. The person shall be certified to such class or position after satisfactory completion of any probationary period as demonstrated by performance evaluations. Unsatisfactory performance shall be grounds for dismissal of the person by the appointing authority during such probationary period without right of appeal. *Any certified employee who is promoted to a different class or position and who fails to perform satisfactorily during the probationary period shall be reverted to a position in the former certified class or be disciplined.*

(Emphasis added.)

Article XII, § 13(10) of the Colorado Constitution provides:

The state personnel board shall establish probationary periods for all persons initially appointed, but not to exceed twelve months for any class or position. After satisfactory completion of any such period, the person shall be certified to such class or position within the personnel system, but unsatisfactory performance shall be grounds for dismissal by the appointing authority during such period without right of appeal.

Section 24–50–112.5(5)(b), then codified as § 24–50–115(6), was found constitutional by our supreme court against a challenge that it violated article XII, § 13(10) of the Colorado Constitution in *Colorado Ass'n of Pub. Employees v. Lamm*, 677 P.2d 1350 (Colo.1984). Section 24–50–112.5(5)(b) extends article XII, § 13(10) to include probationary promotions and reallocations of positions. In characterizing the statute, the court stated:

The legislature, by enacting [§ 24–50–112.5(5)(b) ], has determined that probationary periods are important to ensure the suitability of an employee for a new class or position that is obtained by promotion, requested transfer or reallocation. The statute reflects legislative recognition that a person who is competent in one job may not perform satisfactorily in a different position. Thus, before an employee achieves certified status in the new position it is appropriate to subject that person to a new probationary period.

*Colorado Ass'n of Pub. Employees v. Lamm, supra*, 677 P.2d at 1358.

Section 24–50–112.5(5)(b) provides for a probationary period for those certified employees *whose positions are reallocated* without their having to rank in the top three candidates on a competitive examination, and makes specific provision as to what is to occur if the probationary promotion is unsuccessful. That is, the certified employee *shall be reverted to a position* in the former certified class or be disciplined. The former rule R–4–11(A) modifies, or conditions, that statutory right to be reverted to a position by limiting it to those situations in which there is a position vacancy at the employee's certi-

fied class and, failing that, permits the administrative separation of the certified employee. In our view, rule R–4–11(A) conflicts with § 24–50–112.5(5)(b) and is, therefore, void to the extent of that conflict. *See Flavell v. Dep't of Welfare, supra; Suetrack USA v. Indus. Claim Appeals Office, supra; Adams v. Dep't of Soc. Servs., supra.*

The Department contends that, whether the rule is ultra vires or not, the dispositive issue is whether the Department is required to revert an employee to a position where none exists. *See Bd. of Educ. v. Booth,* 984 P.2d 639 (Colo.1999)(indicating that the court need not address an ultra vires act that does not affect the substance of an administrative agency's challenged decision).

Without more, it is in the nature of a reallocation of a position that the former position in the lower classification is eliminated. In this instance, of course, employee "moved" into the Accounting Technician III position when the previous occupant left. That would presumably leave vacant the Accounting Technician II position formerly occupied by employee. However, according to the Department's supplemental brief, employee's former position was apparently reallocated to Accounting Technician III, and her previous duties as an Accounting Technician II were spread to others, thus restructuring the office and eliminating one position, presumably classified as Accounting Technician II.

We agree with employee that the statute, absent a disciplinary proceeding, allocates the risk to the appointing authority that there will be no position for which the employee is certified and to which she can be reverted following an unsuccessful probationary period. That allocation, on its face, would appear to be fair in that the appointing authority controls, or significantly influences, whether there remains a position to which the employee may revert. In so deciding, we note that Board rules preserve certification for both a certified employee whom it demotes and for conditional employees whom it promotes temporarily. *See* Dep't of Personnel (DOP) Reg. Nos. 4–29B, 7–10B, 4 Code Colo. Regs. 801.

Therefore, we reverse the Board's order and remand with orders to reinstate employee to certified state employment at the Accounting Technician II level including all benefits, seniority, and back pay subject to any disciplinary proceedings, and, if no appropriate vacancy exists, to accord employee any retention rights she may have under § 24–50–124, C.R.S.2005, and any rules promulgated pursuant to that statute.

By statute, attorney fees may be recovered if the personnel action from which the proceeding arose was "instituted frivolously, in bad faith, maliciously, or as a means of harassment or was otherwise groundless . . . ." Section 24–50–125.5(1), C.R.S.2005. Because we conclude that the Department's actions were not in bad faith, malicious, or as a means of harassment, we decline to award employee her attorney fees.

The order is reversed and the case is remanded with directions.

Judge PLANK * and Judge CRISWELL * concur.