QUESTION PRESENTED AND CONCLUSION Question: Whether § 22-2-105(6), C.R.S. effectively prevents State Board member Randy DeHoff from also serving as Executive Director of the Institute.
Answer: No. Section 22-2-105(6) does not affect Randy DeHoff because the Executive Director of the Institute is not an employee of CDE.
 BACKGROUND
Randy DeHoff is currently serving as an elected member of the State Board from the Sixth Congressional District. Mr. DeHoff has also served as the Executive Director of the Institute since February of 2005. The Institute was created by the Colorado state legislature in *Page 2 
2004 as an independent Type 1 agency within CDE. The Institute is governed by a nine-member Board of Directors; seven members are appointed by the Governor, two by the Commissioner of Education. The original board members were appointed in September of 2004.
In 2007, the Colorado state legislature passed, and the Governor signed into law, Section 22-2-105(6), C.R.S., which provides that "[d]uring his or her term of office, a member of the State Board shall not be a member of the General Assembly; an officer, employee, or board member of a school district or charter school in the State, or an employee of the State Board or the Department of Education." [emphasis added].
 DISCUSSION
The question to be determined is whether an employee of the Institute is deemed to be an employee of CDE. Mr. DeHoff is not a CDE employee because the Institute Board, not CDE, has the right to hire, fire and control Mr. DeHoff in his capacity as Executive Director of the Charter School Institute. In Colorado, an individual is an employee if the employer has the right to direct and control the worker as to how the work is performed. See Dumont v. Teets, 262 P.2d 734, 735 (Colo. 1953). The most important factor in determining whether a worker qualifies as an employee is the right to control. See Farmer's Reservoir IrrigationCo., 255 P. 449, 450 (Colo. 1927); Perkins v. Reg'l Transp. Dist.,907 P.2d 672, 674 (Colo.App. 1995); Dana's Housekeeping v.Butterfield, 807 P.2d 1218, 1220 (Colo.App. 1990). See also Bradley S. Abramson, Independent Contractors in Colorado, 34 Colo. Law. 53 (Dec. 2005).
In Industrial Comm'n v. Hammond, 236 P. 1006 (Colo. 1925), the Colorado Supreme Court provided a list of "more or less controlling" factors to be considered when applying the direction and control test. Later, in Norton v. Gilman, 949 P.2d 565 (Colo. 1997), the Colorado Supreme Court listed additional factors and cited the Restatement (Second) of Agency, which provided ten factors relevant to the determination of direction and control. Among the factorsNorton added was the right to hire. Id. at 567, citing Clark County v.State Indus. Ins. Sys., 724 P.2d 201 (Nev. 1986) (listing the right to hire as a factor). Therefore, in Colorado the right of an employer to hire an individual is an important factor in determining whether that individual is an employee.
Mr. DeHoff was hired as Director of the Institute by the Institute Board. Under § 22-30.5-505, C.R.S. (2006), employment decisions, including the power to hire and to determine which of its employees are professional officers and staff exempt from the state personnel system, is vested in the Institute Board. Section 22-30.5-505 states,
 [t]he institute shall consist of . . . any staff or contract employees hired by the institute board as authorized by law. Any staff hired by the institute board shall be deemed employees subject to the state personnel system of this state . . . except that, as a matter of legislative determination, all positions classified by the institute board as professional officers and professional staff of the institute are declared to be. . . exempt from the state personnel system. *Page 3 
The Institute classifies the Executive Director position as a professional office. Thus, it is the Institute Board that has the right to hire the Institute Executive Director, to direct and control his or her performance, and the right to dismiss him or her from service. Mr. DeHoff is therefore an employee of the Institute.
The question then becomes whether the fact that the Institute is an agency within CDE makes Mr. DeHoff an employee of CDE. I conclude that it does not. Section 22-30.5-503, C.R.S., established Institute as a type 1 independent agency within CDE. The statute provides that the Institute "shall exercise its powers and perform its duties and functions as if it were transferred to the department by a type 1 transfer under the provisions of the `Administrative Organization Act of 1968', article 1 of title 24, C.R.S." Under § 24-1-105(1), C.R.S., an agency created by a type 1 transfer ("type 1 agency"), "shall exercise its prescribed statutory powers duties, and functions . . . independently of the head of the principal department."
Type 1 agencies have exclusive authority to exercise the powers statutorily vested in them independently of the head of their principal departments. For example, in State Highway Commission of Colorado v.Haase, 537 P.2d 300 (Colo. 1975), the Court held that the Governor could not countermand, through the Executive Director of the State Department of Highways (head of the principal department of the State Highway Commission), the Commission's directive and order to the Chief Engineer of the State Division of Highways. The Court held that as a type 1 agency, the State Highway Commission must exercise its prescribed statutory powers independently of the head of its principal department. Specifically, the legislature vested all powers over highways in the Commission. See also, Spahn v. State Dept. of Personnel, 615 P.2d 66
(Colo.App. 1980) (although "under" State Department of Personnel, State Personnel Board exercises its prescribed statutory powers independently of head of Personnel Department); Cold Springs Ranch, Inc. v. State ofColorado, Dept. of Natural Resources, Mined Land ReclamationDivision, 765 P.2d 1035, 1036 (Colo.App. 1988) (as a type 1 agency, the Mined Land Reclamation Board, although a part of the Department of Natural Resources, is a distinct entity that exercises its prescribed statutory powers independently of the Department of Natural Resources).
As in Haase and similar cases interpreting the extent of type 1 agency autonomy, the CDE, as the principal department, cannot regulate employment decisions made by the Institute because § 22-30.5-505, C.R.S., granted the Institute the exclusive authority to hire its own employees. Therefore, the Institute must, as a type 1 agency, exercise the employment power autonomously, without interference from CDE. In other words, CDE has no authority over the Institute's employment decision, including those relating to the Executive Director. Without the power to make employment decisions regarding the Executive Director of Institute, the CDE cannot be considered Randy DeHoff's employer. Thus, Randy DeHoff is not an employee of the CDE. *Page 4 
 CONCLUSION
Randy DeHoff is not an employee of CDE by virtue of his position as Executive Director of the Institute because § 22-30.5-505(1) grants the Institute, a type 1 agency whose statutory powers are exercised independent of the CDE, exclusive authority over Institute employment decisions. As such, Randy DeHoff's continued service as both a member of the State Board and as Executive Director of Institute does not violate § 22-2-105 (6).
Issued this 13th day of August, 2007.
_________________________ JOHN W. SUTHERS Colorado Attorney General *Page 1