[No. 4040.]

## HOUSE ET AL. V. ANDERSON.

VACATING JUDGMENT—*Effect.* A writ of garnishment issued upon a judgment is without vitality after the judgment is vacated. Such ancillary proceedings fall with the judgment.

*Error to Logan District Court.* HON. H. P. BURKE, Judge.

MESSRS. MUNSON & MUNSON, for plaintiffs in error.

MESSRS. NAUGLE & TURMAN, for defendant in error.

Opinion by CUNNINGHAM, P. J.

Owing to omissions and defects in numbering the pages and folios of the original transcript of record, and to the fact that the record has not been arranged chronologically, we have found considerable difficulty in following the num-

erous steps in the very unusual proceedings had in the trial court in this case.

We think no good purpose can be subserved by stating, at any great length, the various orders entered in the trial court in the progress of the cause. It is sufficient to say that the judgment herein appealed from was rendered in a proceeding wherein the answers made by the plaintiffs in error to certain garnishment writs were traversed; also that the aforesaid writs of garnishment had been issued upon a judgment against the plaintiffs in error. In other words, we have the unusual proceeding of writs of garnishment being issued upon a judgment in which the garnishees were likewise the judgment debtors. Furthermore, the judgment upon which the writs were issued had been vacated and set aside by the trial court after the writs had been served, and before the hearing on the traverse was had. But, for some reason, the court declined to quash or vacate the writs of garnishment issued upon a judgment that had been vacated.

The trial court was entirely justified in vacating the judgment upon which the writs of garnishment had issued, and it is clear that thereafter said writs were without any vitality, since they fell with the vacating of the judgment upon which they were based.

Counsel for defendant in error has called our attention to no precedent or authority supporting the actions of the trial court, as hereinabove narrated, and we know of none.

In view of the conduct of the plaintiff in error, L. H. House, as disclosed by his own testimony, it is with much regret that we find ourselves unable to sustain the judgment herein as to him, but to do so would be to subvert or ignore the most elementary principles of practice and procedure.

*Reversed.*