573 P.2d 564 (1977)
Raymond C. CARTER, d/b/a Carter Enterprises of Denver, Plaintiff-Appellant,
v.
The SMALL BUSINESS ADMINISTRATION, and Mitchell Kibelinski, substitute defendant, in his official capacity as Administrator of the Small Business Administration, Defendants-Appellees.
No. 76-903.
Colorado Court of Appeals, Division II.
December 22, 1977.
*566 Nathan Davidovich, P. C., Charles E. Welton, Denver, for plaintiff-appellant.
Cathlin Donnell, U. S. Atty., Jerre W. Dixon, Asst. U. S. Atty., Denver, for defendants-appellees.
ENOCH, Judge.
Plaintiff, Raymond Carter, appeals from the dismissal of his action against defendants, Small Business Administration (SBA) and Mitchell Kibelinski, administrator. We reverse.
Plaintiff's complaint alleged that in 1970 and 1971, plaintiff, sole proprietor of Carter Enterprises, a Denver janitorial service, procured two SBA loans totalling $49,000. In the time interval between procuring the first and second loans, plaintiff learned, through a counseling assistance program provided by the SBA, of the SBA's section 8(a) program, a program designed to benefit minorities owning or controlling small businesses. See 13 C.F.R. § 124.8-1, et seq. He applied for admittance into the program, and his actions thereafter, including the procurement of the second loan, were geared towards being admitted into the program. He claimed the SBA advised him to procure a government contract in Ogden, Utah, for the 1971-72 year, and based on SBA advice, he underbid and was awarded the job. He suffered losses in the performance of the contract. After admitting plaintiff into the section 8(a) program the following year, the SBA procured the Ogden contract and subcontracted it out to plaintiff. However, again plaintiff incurred losses. In 1973-74, the SBA awarded the Ogden contract to a different disadvantaged minority businessman, advising plaintiff to seek government contracts nearer Denver.
Plaintiff claimed an oral agreement existed whereby he was to be admitted into the 8(a) program for a minimum period of three years, but that the SBA refused to approve or submit his proposed bids until he secured independent financing. However, he asserts he was unable to secure such until he had been awarded a contract. Plaintiff contends the SBA breached its contract with him by failing to comply with the statutory and regulatory duties set forth in 15 U.S.C. § 637 and 13 C.F.R. ch. 1. Furthermore, plaintiff claimed the SBA was unjustly enriched because it received services worth far more than the compensation paid plaintiff. Plaintiff sought $150,000 damages for breach of contract, and $51,000 for unjust enrichment. The trial court held the matters in controversy to be actions committed to agency discretion by law, and thus unreviewable, and accordingly, it dismissed the action without prejudice.

I.
We first address defendant's contention that the order of dismissal without prejudice is not an appealable final judgment. We do not agree with this contention.
Generally, a judgment dismissing only a complaint without prejudice is not final and appealable, e. g., Schoenwald v. Schoen, 132 Colo. 142, 286 P.2d 341, unless specific circumstances exist, i. e., the action cannot be saved by any amendment to the complaint. See, e. g., Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976); Conway v. Slaughter, 440 F.2d 1278 (9th Cir. 1971); Azar v. Conley, 480 F.2d 220 (6th Cir. 1973). It is apparent that this complaint could not have been salvaged by any amendment. Therefore, under the circumstances of this case, the dismissal without *567 prejudice is an appealable final judgment. Levine v. Empire Savings & Loan Ass'n, Colo., 557 P.2d 386.

II.
Plaintiff contends that the district court does have jurisdiction and that the issues raised are reviewable. We agree.
The Federal Administrative Procedure Act provides that judicial review is precluded over "agency action [which] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The phrase "agency action. . . committed to agency discretion by law" has become a legal term of art signifying "those rare instances where `statutes are drawn in such broad terms that in a given case there is no law to apply'." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); Sabin v. Butz, 515 F.2d 1061 (10th Cir. 1975). Thus, the determination of whether an agency's action is "committed to agency discretion by law," depends upon whether some type of legal standard can be found or implied by which to hold the agency accountable. Sabin v. Butz, supra; Arizona Power Authority v. Morton, 549 F.2d 1231 (9th Cir. 1977); St. Louis University v. Blue Cross Hospital Service, 537 F.2d 283 (8th Cir. 1976), cert. denied, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584; Coomes v. Adkinson, 414 F.Supp. 975 (D.S.D.1976). A legal standard may be implied from statutory language, underlying legislative objectives, and the nature of the action authorized or regulated. Sabin v. Butz, supra; Arizona Power Authority v. Morton, supra; St. Louis University v. Blue Cross Hospital Service, supra; Coomes v. Adkinson, supra. In the absence of a legal standard by which to hold the agency accountable, the agency's action is committed by law to its discretion and is not reviewable by the courts.
The question in this case is whether SBA action taken by the administrator under the powers and duties vested in him by 15 U.S.C. § 637 are such actions as are committed to agency discretion by law, and thus not reviewable.
The SBA relies upon Peoples Brewing Co. v. Kleppe, 360 F.Supp. 729 (E.D.Wis.1973), in support of its contention that judicial review over SBA action taken pursuant to § 637 is precluded because such action is "committed by law to agency discretion." While the court so stated, a careful reading of the decision discloses that this pronouncement was dictum and unnecessary to the resolution of the case. Furthermore, the court's opinion is devoid of any analysis which would lead one to conclude that principles enunciated in Citizens to Preserve Overton Park, supra, were even considered. For these reasons, we feel Peoples Brewing Co., supra, is not persuasive authority on this issue.
The purpose of the SBA Act is to assist small businesses "in order to preserve free competitive enterprise." 15 U.S.C. § 631; Ray Baillie Trash Hauling, Inc. v. Kleppe, 477 F.2d 696 (5th Cir. 1973), cert. denied, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 468. Section 637 refers to actions authorized thereunder in terms of "duty." Section 634(b) provides in part:
In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter, the Administrator may
(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversy without regard to the amount in controversy; . . .
This section waives sovereign immunity and confers jurisdiction over the SBA and its officials in monetary and declaratory relief actions. Mar v. Kleppe, 520 F.2d 867 (10th Cir. 1975); Romeo v. United States, 462 F.2d 1036 (5th Cir. 1972), cert. denied, 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589; Jet Services, Inc. v. Hoffman, 420 F.Supp. 1300 (M.D.Fla.1976); Pottharst v. Small Business Administration, 329 F.Supp. 1142 (E.D.La.1971); Simpkins v. Davidson, 302 F.Supp. 456 (S.D.N.Y.1969). Similar language relative to duties and powers appears also in § 637. Since we have a legislative objective *568 expressed, together with a statutory term (duty) which imputes accountability, and a jurisdictional grant phrased in similar language, we find congressional intent creating a legal standard for judicial review of SBA action taken pursuant to § 637.
We therefore hold that the actions authorized under § 637, while discretionary, are not committed to agency discretion by law and thus they are reviewable. Accordingly, since the court did have jurisdiction to determine whether there was any abuse of discretion in the officials' performance of their powers and duties authorized under § 637, dismissal of plaintiff's action was error. The scope of judicial review of discretionary agency action is limited, however, as stated in Sabin v. Butz, supra:
The court is not empowered to substitute its judgment for that of the agency. [Id.] The court's function is exhausted where a rational basis is found for agency action taken.
We do not, by this holding, imply any evaluation of the merits of this case, nor do we imply that § 634(b)(1) necessarily subjects every SBA discretionary action to review by the courts. See e. g., Dubrow v. Small Business Administration, 345 F.Supp. 4 (C.D.Cal.1972).
The judgment is reversed and the cause is remanded for reinstatement of the complaint and for further proceedings.
SILVERSTEIN, C. J., and STERNBERG, J., concur.