**B.C. INVESTMENT COMPANY,**
**Plaintiff-Appellant,**

v.

**Urban L. THROM, Defendant-Appellee.**

**No. 81CA1216.**

Colorado Court of Appeals,
Div. III.

July 22, 1982.

H. William Huseby, Denver, for plaintiff-appellant.

Buchanan, Thomas & Johnson, G. Thomas O'Malley, III, Lakewood, for defendant-appellee.

BERMAN, Judge.

Plaintiff, B.C. Investment Company, appeals from the trial court's dismissal of its complaint without prejudice. We affirm.

In August 1971, defendant, Urban L. Throm, executed a promissory note payable to Glenco Development Co. In July 1972, Lloyd Harrison, Jr. purchased a number of notes from Glenco, including defendant's note, and the notes were assigned to Harrison. Defendant ceased making payments on the note to Harrison in May 1973.

In August 1976, Harrison assigned defendant's note, along with others, for collection to Victor Crepeau, his attorney. In August 1978, Crepeau assigned defendant's note to plaintiff for collection. Plaintiff is an entity formed by Crepeau and another attorney for use in collection matters. According to Crepeau's testimony at trial, plaintiff was formed to facilitate collection of the attorneys' debts, but occasionally (three times in Crepeau's recollection) plaintiff was used to collect clients' debts.

Plaintiff commenced an action against defendant on the note in December 1978. Trial was held in December 1979, briefs were submitted thereafter, and, on September 14, 1981, the court issued an order dismissing plaintiff's complaint without prejudice. The court found that plaintiff was a collection agency, that, in contravention of § 12–14–102, C.R.S. 1973 (1978 Repl. Vol. 5), plaintiff did not have a collection agency

license, and that, therefore, plaintiff was not lawfully entitled to bring the suit against defendant.

Initially, we note that the dismissal of a complaint without prejudice is generally not a final and appealable order. However, where the circumstances of a case indicate that the action cannot be saved, such dismissal is an appealable final order. *See Carter v. Small Business Administration,* 40 Colo.App. 271, 573 P.2d 564 (1977). Here, the six-year statute of limitations for bringing this suit, *see* § 13–80–110, C.R.S. 1973, expired in May 1979. Inasmuch as the statute of limitations is not normally tolled during the pendency of an action which is later dismissed without prejudice, *see Commercial Equity Corp. v. Majestic Savings & Loan Ass'n,* 620 P.2d 56 (Colo. App. 1980), it appears that any further action by plaintiff against defendant would be barred by the statute of limitations, and therefore, the dismissal is an appealable final order.

On appeal, plaintiff first contends that the court erred in finding that plaintiff could not maintain the action. We disagree.

Plaintiff does not contest that it is an unlicensed collection agency, and it is clear from the record that plaintiff comes within the definition of collection agency and is unlicensed. A collection agency includes "all . . . firms . . . engaged, directly or indirectly, and as a primary or secondary object, business, or pursuit, . . . in the collection of claims owed or due . . . to another. Any . . . firm . . . when engaged in the collection of accounts for another where the employment is for *more than one* person . . . shall be deemed to be engaged in the collection business." Section 12–14–101(1)(a), C.R.S. 1973 (1978 Repl. Vol. 5) (emphasis added). *See also* § 12–14–101(2), C.R.S. 1973 (1978 Repl. Vol. 5). Based on Crepeau's testimony that plaintiff had been used more than once to collect the accounts of others, plaintiff was a collection agency.

Plaintiff asserts, however, that while § 12–14–102, C.R.S. 1973 (1978 Repl. Vol. 5) does provide that it is unlawful to operate as a collection agency without obtaining a license, the statute governing collection agencies does not *specifically* preclude the prosecution of suits by unlicensed collection agencies. Plaintiff analogizes to the statute governing trade names, which makes it unlawful to operate under an unregistered trade name *and* specifically precludes suits to collect debts unless a trade name is registered, *see* § 7–71–102, C.R.S. 1973, and argues that, by the absence of a specific preclusion, the General Assembly did not intend to preclude suits by unlicensed collection agencies. We find no merit in this argument.

Reading the statute as a whole, *see* § 12–14–101, et seq., C.R.S. 1973 (1978 Repl. Vol. 5), we find it unreasonable to hold that the General Assembly would make it unlawful to operate without a license but not intend to preclude suits by unlicensed agencies. This determination finds support in § 12–14–121, C.R.S. 1973 (1978 Repl. Vol. 5), which provides that upon revocation of its license by cancellation or a failure to renew, a collection agency shall have no further interest in claims in its possession and shall not have any right to collect those claims.

Inasmuch as plaintiff must comply with the collection agency statute, there is also no merit in plaintiff's additional assertion that it operates under a registered trade name and that the statute governing trade names, *see* § 7–71–102, C.R.S. 1973, does not prohibit the filing of suits under a trade name to collect the debts of others where the plaintiff does not have a collection agency license.

Plaintiff also contends that this action should be remanded so that defendant's note could be reassigned by plaintiff to Crepeau or Harrison and the assignee could then be substituted as a proper plaintiff. In support of this contention, plaintiff asserts that under C.R.C.P. 21 misjoinder of parties is not a ground for dismissal of an action. Statute of limitations problems notwithstanding, there is no merit in this contention.

█ There was no misjoinder here. Plaintiff, as assignee, was the real party in interest here. *See Krueger v. Merriman Electric,* 29 Colo.App. 492, 488 P.2d 228 (1971). The problem was, however, that plaintiff, through its own fault, was statutorily precluded from bringing this action. Plaintiff was apprised of this potential standing problem by defendant's answer and by arguments at trial. Plaintiff should have taken some action then to transfer its interest and substitute a proper plaintiff. *See* C.R.C.P. 25.

█ Finally, plaintiff contends that it is unjust and inequitable to allow the trial court's dismissal to stand because the court took almost two years after trial to render its decision and any further action on defendant's note may be barred by the statute of limitations. We disagree.

Because of the assignment of defendant's note from Harrison to Crepeau and Crepeau to plaintiff, and apparent procrastination, this action was not filed until over five and a half years after defendant's last payment on the note. The action was still in its pleading stages when the six year statute of limitations expired. Accordingly, any resulting inequity is due to the lack of diligence of plaintiff and its assignors, and plaintiff will not now be heard to complain about delay in the court's resolution of the action.

Judgment affirmed.

KIRSHBAUM and TURSI, JJ., concur.