**SHERATON STEAMBOAT CORPORATION, by its agent, TENENBAUM–HILL ASSOCIATES, INC., Plaintiff–Appellant,**

v.

**STATE BOARD OF ASSESSMENT APPEALS, Routt County Board of Equalization, Larry Knight, Assessor of Routt County, and Dillon E. Rich, Treasurer of Routt County, Defendants–Appellees.**

No. 87CA0245.

Colorado Court of Appeals, Div. V.

Nov. 3, 1988.

Davis, Graham & Stubbs, Andrew M. Low, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, Mattlage, Lettunich & Vanderbloemen, John A. Vanderbloemen, Steamboat Springs, for defendants-appellees.

NEY, Judge.

Sheraton Steamboat Corporation (Sheraton) seeks review of the district court judgment affirming the decisions of the Routt County Board of Equalization (County) and the State Board of Assessment Appeals

(State Board) which upheld the valuation of Sheraton's property by the Routt County Assessor. We affirm.

## I.

The County and the State Board contend that this court is precluded from reviewing the district court judgment because Sheraton failed to file a timely notice of intent to seek appellate review as required by § 24–4–106(9), C.R.S. (1982 Repl.Vol. 10). We disagree.

Section 24–4–106(9), C.R.S. (1982 Repl. Vol. 10) provides that a party appealing from a district court review of an agency action must file with the district court a notice of intent to seek appellate review within thirty days after the district court's decision becomes final. Where a party fails to comply with this requirement, the statute directs the district court to return the record to the agency from which it originated.

■ Section 24–4–106(9) also incorporates, by reference, the provisions of the Colorado Appellate Rules. Therefore, in addition to filing a notice of intent to seek appellate review, a party seeking an appeal under § 24–4–106(9) must file a notice of appeal with the appellate court within forty-five days of the date of entry of the district court judgment. C.A.R. 4(a). The filing of a notice of appeal within the time limits established by C.A.R. 4(a) is mandatory and jurisdictional. *Collins v. Boulder Urban Renewal Authority*, 684 P.2d 952 (Colo.App.1984). However, C.A.R. 3(a) provides:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal in the appellate court does not affect the validity of the appeal...."

■ Here, Sheraton filed a timely notice of appeal. Although Sheraton failed to file a timely notice of intent to seek appellate review, we conclude that this procedural defect does not defeat the jurisdiction of this court. *Cf. B.A. Leasing Corp. v. State Board of Equalization*, 745 P.2d 254 (Colo. App.1987).

## II.

■ Arguing that an improper method was used to determine the value of its property, Sheraton contends the State abused its discretion in accepting the county assessor's valuation. We disagree.

Section 39–1–103(5)(a), C.R.S. (1987 Cum. Supp.) provides that the value for taxation purposes of commercial property is determined after "appropriate consideration of the cost approach, the market approach, and the income approach to appraisal."

Sheraton claims the cost approach relied on by the county assessor was irrational since Sheraton and the assessor agreed that the income approach is the preferred method for hotel valuation when there is competent data available. Sheraton and the assessor agree that the market approach was not suitable in this matter.

The assessor attempted to arrive at a value under the income approach by using statewide hotel occupancy rates and urban capitalization rates. However, the assessor concluded that these rates were inapplicable to Sheraton's property because of the location and the seasonal nature of the business. Although Sheraton presented evidence to the State Board regarding local occupancy and capitalization rates, the State Board accepted the testimony of the county's expert that the cost approach would be more reliable in this instance than the income approach.

On review of the State Board's decision, the district court concluded that, while there was conflicting evidence regarding the most appropriate method of valuation, the State Board's conclusions were supported by substantial evidence.

Here, the county assessor considered each of the statutorily authorized approaches, and determined the value of Sheraton's property according to the cost method. The use of this method was within the discretion of the assessor. Since Sheraton's expert acknowledged the validity of this approach, Sheraton is precluded from challenging the assessor's reliance on this method. *Leavell–Rio Grande v.*

**1052**

*Board of Assessment Appeal,* 753 P.2d 797 (Colo.App.1988).

Because there is sufficient evidence to support the findings and conclusions of the State, we must affirm its valuation. *Ross v. Fire and Police Pension Assoc.,* 713 P.2d 1304 (Colo.1986).

The judgment is affirmed.

PLANK and JONES, JJ., concur.