**Frank WILCOX, Plaintiff–Appellant,**

v.

**RECONDITIONED OFFICE SYSTEMS OF COLORADO, INC., National Business Services, Inc., L.J. Bodeewes, a/k/a Jack Bodeewes a/k/a Lambert J. Bodeewes, and Jeanett Bodeewes, Defendants–Appellees.**

No. 93CA0064.

Colorado Court of Appeals,
Div. IV.

Feb. 24, 1994.

Rehearing Denied March 24, 1994.

Certiorari Denied Oct. 17, 1994.

Dennis B. Green, Aspen, for plaintiff-appellant.

Weaver, Oppenheim & Wittebort, P.C., John P. Oppenheim, Englewood, for defendants-appellees.

Opinion by Judge VAN CISE.*

In this action to recover damages for breach of contract, plaintiff, Frank Wilcox, appeals from an order of the trial court denying his motion to amend and supplement his complaint after default judgment had been entered against defendant Reconditioned Office Systems of Colorado, Inc., (ROSCO) and denying his motion to compel payment of garnishment funds. We affirm.

Wilcox's claims are based on a contract with ROSCO involving the lease and installation of equipment used to display his work in an art show. In early 1988, Wilcox held a showing of his photographic works at a hotel in Vail, Colorado, and entered into an agreement with ROSCO to provide and install display equipment for the show. Wilcox's original complaint alleged that ROSCO breached the contract by dismantling the equipment prematurely, disrupting the art

show, and damaging numerous pieces of the artwork.

At the time of contracting with Wilcox, ROSCO was a viable corporation in good standing with the State of Colorado. Its registered agent was Lambert J. Bodeewes, and its registered office was listed with the Secretary of State as an address in Denver, Colorado.

Wilcox filed his original complaint on February 19, 1992, naming ROSCO as the sole defendant. By that time, ROSCO was experiencing financial difficulties and had ceased doing business in Colorado, but had failed to change its registered agent and office address. Following an unsuccessful attempt at service at the office of ROSCO's registered agent, Wilcox then obtained service through the Secretary of State.

Three months later, on May 19, 1992, the trial court, in response to a motion by Wilcox, entered an order of default judgment in the amount of $114,550.07 against ROSCO on May 19, 1992. A writ of garnishment was then obtained pertaining to ROSCO's bank account.

On July 9, 1992, pursuant to ROSCO's motion, the trial court set aside the default judgment and stayed enforcement of the pending writ of garnishment; however, the court reinstated the default judgment on July 30, 1992, after learning that the representations in ROSCO's motion were taken out of context and were untrue. During the interim, however, ROSCO's counsel had withdrawn the funds ($449.41) targeted in the writ of garnishment and, according to ROSCO, used them to pay the expenses of its ceasing to do business in Colorado.

On November 5, 1992, Wilcox filed a motion to permit an amended and supplemental complaint, requesting permission to present additional claims and to add several parties as defendants—National Business Services, Inc., Jack Bodeewes, and Jeanett Bodeewes. Wilcox also filed a motion to compel payment or return of the garnishment funds. In an order dated December 3, 1992, the trial court

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

denied both motions. On January 5, 1993, the trial court also denied Wilcox's motion for reconsideration.

## I.

Plaintiff first contends that the trial court erred in denying his motion to amend and supplement the complaint following entry of a default judgment against ROSCO. We disagree.

■ We note initially that, under ordinary circumstances, an order denying a motion to amend and to make additional parties third-party defendants is not a final judgment subject to appellate review. *Weaver v. Bankers Life & Casualty Co.,* 146 Colo. 157, 360 P.2d 807 (1961). However, since the order was entered after, and not before, a final judgment had been entered on the original complaint, we address this case on its merits.

Under C.R.C.P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is filed. After that, a party may amend the complaint "only by leave of court or by written consent of the adverse party," but amendments under the rule are to be liberally granted and some justification is required for refusal. *See Eagle River Mobile Home Park, Ltd. v. District Court,* 647 P.2d 660 (Colo.1982); *Varner v. District Court,* 618 P.2d 1388 (Colo.1980).

■ Because the defendant had not filed an answer to the complaint, the court entered a default judgment. Read literally, C.R.C.P. 15(a) gives the plaintiff an unlimited right to amend once as a matter of course before an answer is filed. However, when final judgment is entered before a responsive pleading is filed, the liberal approach of C.R.C.P. 15 must be balanced against the value of preserving the integrity of final judgments. Therefore, if final judgment is entered before a responsive pleading has been served, the absolute right to amend the complaint as a matter of course is lost. *See* 3 J. Moore, *Federal Practice* § 15.97[2] (2d ed. 1980).

Whether permissive amendment remains available following entry of a final judgment, however, has not been addressed directly by Colorado courts.

C.R.C.P. 15(a) is identical to Fed.R.Civ.P. 15(a). Therefore, in situations such as this, case law interpreting the federal rule is persuasive. *Moore v. Grossman,* 824 P.2d 7 (Colo.App.1991).

■ We agree with the conclusion reached by most federal courts that once final judgment is entered, an amendment should not be allowed unless the original judgment is set aside or vacated under Fed.R.Civ.P. 59 or 60(b). *See* 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1489 (1971); 3 J. Moore, *Federal Practice* § 15.10 (2d ed. 1980); *see also Cooper v. Shumway,* 780 F.2d 27 (10th Cir.1985); *Czeremcha v. International Ass'n of Machinists & Aerospace Workers,* 724 F.2d 1552 (11th Cir.1984); *Ondis v. Barrows,* 538 F.2d 904 (1st Cir.1976).

We find persuasive the rationale of these decisions that, after judgment has been entered, the court has even more reason for refusing to allow amendment—"then, the concerns of finality in litigation become even more compelling and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim." *Union Planters National Leasing, Inc. v. Woods,* 687 F.2d 117 (5th Cir.1982).

■ Here, because Wilcox did not file his amended complaint within fifteen days after entry of the default judgment, C.R.C.P. 59 is inapplicable. Therefore, to justify relief from judgment and post-judgment amendment of his complaint, Wilcox must show mistake, inadvertence, surprise, excusable neglect, or fraud or other misconduct of the adverse parties. C.R.C.P. 60(b).

Wilcox's motion to amend and supplement the complaint was filed within six months of the default judgment. *See* C.R.C.P. 60(b). Although the motion was not framed as a request to set aside the judgment, we will treat it as a C.R.C.P. 60(b) motion timely filed. In denying Wilcox leave to amend, the trial court determined that most of the claims could have been asserted at the time of the original complaint.

The record indicates that, after filing his original complaint, Wilcox had ample opportunity to investigate ROSCO's continuing viability as a Colorado corporation and to discover the relationship between ROSCO and the parties sought to be added as defendants. At that time, Wilcox could have amended his complaint as a matter of course under C.R.C.P. 15(a). Instead, after waiting three months, Wilcox chose to move for a default judgment.

Wilcox could have asserted the additional claims and added additional defendants during that three-month period and has offered no reason for not doing so. Moreover, the motion, the documents submitted in support of the motion, and the evidence on record do not compel a finding of mistake, inadvertence, surprise, or excusable neglect to warrant relief from judgment under C.R.C.P. 60(b).

Because Wilcox has not shown that his lack of diligence during the three-month interim was due to oversight, inadvertence, or excusable neglect, *see Gaubatz v. Marquette Minerals, Inc.,* 688 P.2d 1128 (Colo.App. 1984), we conclude that the trial court did not abuse its discretion in refusing to allow post-judgment amendment of the complaint.

## II.

Wilcox also argues that the trial court erred in denying his motion for payment or return of the garnishment funds. We perceive no error.

Following entry of the default judgment against ROSCO, writ of garnishment was served on ROSCO's bank relative to $449.41 held by the bank in ROSCO's account. When the default judgment was subsequently vacated, however, the writ of garnishment against ROSCO lost its vitality. *See House v. Anderson,* 27 Colo.App. 359, 149 P. 1054 (1915) (writs of garnishment fall with vacating of judgment on which they are based). ROSCO's bank properly released the funds after the judgment was vacated and before it was reinstated. Thus, the record shows that these funds were no longer in existence when Wilcox filed his motion and

the corporate defendant (ROSCO) was defunct.

Accordingly, under the circumstances of this case, an order granting this motion would serve no purpose.

Orders affirmed.

JONES and RULAND, JJ., concur.