The ESTATE OF Pennylynn HAYS, By and Through the Personal Representative of the Estate, Lestel HAYS, Appellant,

v.

MID–CENTURY INSURANCE COMPANY, Appellee.

No. 94CA0353.

Colorado Court of Appeals, Div. IV.

July 13, 1995.

Donald L. Banghart, P.C., Donald L. Banghart, Lakewood, Dale S. Carpenter, III, P.C., Dale S. Carpenter, III, Lakewood, for appellant.

Anderson, Campbell & Laugesen, P.C., Richard W. Laugesen, Franklin D. Patterson, Dwianne S. Ladendorf, Denver, for appellee.

Opinion by Judge DAVIDSON.

In this action to enforce the terms of an automobile insurance contract, plaintiff, Estate of Pennylynn Hays through Lestel Hays, as the Estate's personal representative, appeals from the summary judgment entered in favor of defendant, Mid–Century Insurance Company. Defendant cross-appeals from the trial court's order granting plaintiff's motion to amend the complaint. We affirm.

According to the undisputed facts, Pennylynn Hays was critically injured in an automobile accident. She received emergency medical treatment, which included insertion of tubes in her chest, abdominal paracentesis, a left radial cutdown for an arterial line, exploratory surgery of the abdomen, and a right pneumonectomy. Despite these efforts, she remained in critical condition until she died, three days after the accident.

Hays' automobile insurance policy with defendant provided $50,000 in medical benefits, which were paid. Plaintiff then filed this action, seeking payment under the rehabilitation benefits section of the policy for the additional medical expenses in excess of $50,-000. The trial court granted defendant's motion for summary judgment, finding as a matter of law that plaintiff was not entitled to such additional medical benefits.

Plaintiff then filed a motion to reconsider or for post-trial relief and a motion to amend the complaint. The trial court denied plaintiff's motion for post-trial relief but granted the motion to amend.

Thereafter, plaintiff filed an amended complaint reasserting its original breach of contract claim and adding two additional claims for bad faith breach of insurance contract. The trial court then granted defendant's motion to dismiss on the grounds that the two new claims for relief did not incorporate any facts other than those which were alleged in plaintiff's original breach of contract claim and that, therefore, the second and third claims failed to state a claim upon which relief may be granted.

## I.

■ The primary issue raised on appeal is whether the trial court correctly determined as a matter of law that coverage for rehabilitation benefits under the No–Fault provisions of Hays' automobile policy did not include expenses incurred for Hays' emergency surgery and other related medical care. Although we do not exclude the possibility that, depending upon its purpose, emergency medical care could properly be considered to be rehabilitation under some circumstances, nonetheless, we agree with the trial court that, here, it was not.

Plaintiff makes no argument that the Mid–Century policy is not in compliance with the coverage requirements of the No–Fault Act, § 10–4–706, C.R.S. (1994 Repl.Vol. 4A). Plaintiff asserts, however, that the trial court erroneously denied its request for rehabilitation benefits under Hays' policy because, in plaintiff's view, the rehabilitation portion of the No–Fault statute not only applies to retraining or occupational training programs, but "consciously includes additional medical treatment, operations, diagnoses, prescriptions as being covered." Hence, plaintiff concludes, once coverage limits for medical expenses have been exceeded, under the broad statutory meaning of "rehabilitation," the insurer must pay additional medical expenses as rehabilitation benefits so long as the procedures were undertaken in an effort "to restore the insured to her former condition." Consequently, here, according to plaintiff, if Hays had regained consciousness before she died, her treatment expenses which were otherwise medical also were "rehabilitative" under the No–Fault Act. We do not agree.

The No–Fault Act, § 10–4–706(1), C.R.S. (1994 Repl.Vol. 4A), requires, as pertinent here, that every automobile insurance policy must provide coverage for at least $50,000 in medical benefits and $50,000 in rehabilitation benefits. Specifically, § 10–4–706(1)(b), C.R.S. (1994 Repl.Vol 4A) requires such coverage for "all reasonable and necessary expenses for medical, chiropractic, optometric, pediatric, hospital, nursing, x-ray, dental, surgical, ambulance, and prosthetic services." On the other hand, § 10–4–706(1)(c)(I)(A), C.R.S. (1994 Repl.Vol. 4A) requires coverage for "the cost of rehabilitation procedures or treatment and rehabilitative occupational training." Section 10–4–706(1)(c)(II)(C), C.R.S. (1994 Repl.Vol. 4A) specifically requires that any rehabilitation procedure, treatment, or training "shall contribute substantially to rehabilitation."

■ "Rehabilitation" is the physical restoration of an injured person to daily living through therapy and education. *See Dean v. Allstate Insurance Co.,* 878 F.Supp. 1397, 1402 (D.Colo.1993) (" [Rehabilitation] treatment has traditionally been considered sequential to medical care, during the period 'between the bed and the job,' and as a readaptation to daily living after a debilitating injury."); *see also United Service Auto Ass'n v. Martin,* 841 P.2d 391 (Colo.App. 1992). Whereas the payment of medical benefits is for the treatment of the physical injury itself, rehabilitation benefits are paid for treatment of the *effects* of such injury. *Compare* § 10–4–706(1)(b) (payment of medical expenses *"for* bodily injury" resulting from automobile accident) *with* § 10–4–706(1)(c)(I) (payment of rehabilitation costs "necessary *because of* bodily injury" resulting from automobile accident).

Accordingly, and contrary to plaintiff's contention, although rehabilitation may include medical treatment, logic does not permit a corollary inference that all medical treatment is necessarily rehabilitation. The terms are not synonymous.

Moreover, by its organization and plain terms, the No–Fault Act is divided specifically into separate and distinct categories of benefits. And, " [c]onsidered together, [the categories] represent careful legislative decisions respecting the benefit structure of such contracts." *Sulzer v. Mid–Century Insurance Co.,* 794 P.2d 1006, 1009 (Colo.1990); *see Ward v. Allstate Insurance Co.,* 45 F.3d 353, 355 (10th Cir.1994) ("The Colorado General Assembly enacted two separate statutory sections to cover medical and rehabilitative expenses. This emphatically bespeaks a legislative intent to define two distinct kinds of benefits.") Under plaintiff's analysis, however, there would be no difference between

medical benefits and rehabilitation benefits. We have little difficulty concluding that the General Assembly did not intend this result. *See City of Ouray v. Olin,* 761 P.2d 784 (Colo.1988).

Hence, despite plaintiff's insistence to the contrary, whether Hays ever regained consciousness after the accident is not material to the issue here. What is dispositive is that, according to the undisputed medical records, Hays simply never improved medically to a point at which rehabilitative efforts could be instituted. The emergency medical efforts here were an attempt to save Hays' life and, as such, do not constitute "rehabilitation" under the No–Fault statute. Therefore, as a matter of law, plaintiff was not entitled to additional benefits. *Cf. Colby v. Progressive Casualty Insurance Co.,* —— P.2d ——, 1995 WL 358235 (Colo.App. No. 93CA2126, June 15, 1995).

### II.

 Plaintiff also contends that the trial court erred by dismissing its second and third claims for relief in its amended complaint. On cross-appeal, defendant contends that, although these claims ultimately were properly dismissed, the trial court erred in granting plaintiff leave to amend its complaint after summary judgment had been granted.

We agree with plaintiff that, contrary to the trial court's determination, plaintiff did allege new facts in its amended complaint. Specifically, in its second claim for relief it alleged that defendant refused to audit the medical bills presented for payment resulting in an overpayment of medical expenses and a premature exhaustion of benefits. Because we agree with defendant, however, that the trial court erred in allowing plaintiff leave to amend its complaint, we find that the amended complaint nonetheless was properly dismissed.

Once final judgment has entered, an amendment to a pleading under C.R.C.P. 15(a) should not be allowed unless the judgment is set aside or vacated. *Wilcox v. Reconditioned Office Systems,* 881 P.2d 398 (Colo.App.1994); *cf. Cooper v. Shumway,* 780

F.2d 27 (10th Cir.1985) (construing identical Fed.R.Civ.P. 15(a)).

Here, although plaintiff filed a motion for post-trial relief, that motion was denied. Hence, the original summary judgment in favor of defendant was not set aside or vacated, and the trial court erred by allowing plaintiff leave to amend the complaint. Therefore, we conclude that the amended complaint was properly dismissed. *See Wilcox v. Reconditioned Office Systems, supra.*

The judgment is affirmed.

MARQUEZ and KAPELKE, JJ., concur.