Benjamin DAVIS, Plaintiff–Appellant,

v.

Lt. S. PAOLINO and the Colorado
Department of Corrections,
Defendants–Appellees.

No. 00CA1322.

Colorado Court of Appeals,
Division II.

Feb. 15, 2001.

Benjamin Davis, Pro Se.

Ken Salazar, Attorney General, Joseph Sanchez, Assistant Attorney General, Denver, CO, for Defendants–Appellees.

Opinion by Judge CASEBOLT.

Plaintiff, Benjamin Davis, appeals the judgment dismissing his complaint against defendants, Lt. S. Paolino and the Colorado Department of Corrections (DOC). We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff, an inmate at the DOC, was injured when he slipped and fell on a spill that had allegedly been caused by Paolino, an employee of the DOC. Plaintiff brought this action seeking compensation for injuries he allegedly suffered as a result of his fall.

Defendants moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S.2000, arguing that plaintiff's suit was barred under § 24–10–106(1.5), C.R.S.2000, which provides that the waiver of sovereign immunity set forth in §§ 24–10–106(1)(b) and 24–10–106(1)(e), C.R.S.2000, "does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction" and that "such correctional facility or jail shall be immune from liability. . . ." Defendants also argued that plaintiff's complaint failed to allege any facts that would demonstrate that Paolino's conduct was willful and wanton such that the CGIA would be inapplicable.

In response, plaintiff argued that defendants' immunity was waived under § 24–10–106(1)(c), C.R.S.2000, which concerns liability for a dangerous condition of a public building. However, we note that plaintiff has abandoned that argument on appeal, asserting instead that § 24–10–106(1)(b), which waives sovereign immunity for the operation of a correctional facility, provides the sole basis upon which the state's immunity can be waived under the circumstances presented here.

Plaintiff also argued that, if § 24–10–106(1.5) was applicable to bar his claim, it violated his constitutional rights of access to the courts and equal protection. Further, he asserted that Paolino was not immune from liability and that he had "deliberately neglected" to clean the spill in "reckless disregard for the plaintiff's safety."

Plaintiff subsequently sought leave to file an amended complaint. In particular, plaintiff sought to amend two paragraphs of his complaint to add references to §§ 24–10–106(1)(b) and 24–10–106(1)(c) and to allege that Paolino's actions were willful and wanton. Plaintiff also requested an evidentiary hearing on defendants' motion to dismiss.

The trial court, without reference to plaintiff's motions, summarily granted defendants' motion to dismiss. This appeal followed.

## I.

■ Plaintiff contends that the trial court erred in concluding that § 24–10–106(1.5) barred his action. In particular, plaintiff argues that, in precluding a claim by an inmate that otherwise falls under the waiver provisions, § 24–10–106(1.5) violates his right to equal protection. We disagree.

■ The equal protection guarantees of the United States and Colorado constitutions require like treatment of persons who are similarly situated. Such guarantees do not, however, prevent the General Assembly from placing limitations on governmental liability for damages in tort, even if such limitations work favorably for some but not for others. *Norsby v. Jensen*, 916 P.2d 555 (Colo.App. 1995).

■ In the absence of a statutory infringement on a fundamental right or the creation of a suspect class, neither of which is involved here, equal protection is satisfied if the statutory classification has a reasonable basis in fact and bears a reasonable relationship to a legitimate governmental interest. *See State v. DeFoor*, 824 P.2d 783 (Colo. 1992).

In the legislative declaration to the CGIA, the General Assembly stated that "unlimited liability could disrupt or make prohibitively expensive the provision of . . . essential public services and functions" and that "the taxpayers would ultimately bear the fiscal burdens of unlimited liability." Section 24–10–102, C.R.S.2000.

The supreme court has consistently held that statutory provisions that concern fiscal solvency and provision of essential services while minimizing taxpayer burdens satisfy equal protection concerns. *See State v. DeFoor, supra* (limitation in the CGIA regarding the maximum damages for which the state would be responsible was rationally related to legitimate state interests of fiscal solvency); *Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986) (statutory classification in the CGIA limiting the amounts recoverable against a public entity was based on real differences in fact between governmental and private tortfeasors).

The unique nature of prisons and the obligations imposed in operating them expose the state to significant liability if negligence actions by prisoners are allowed. Section 24–10–106(1.5) recognizes this concern, eliminates the exposure, and also prevents the state from being subjected to numerous frivolous lawsuits that may be brought by inmates in an attempt to harass prison officials. Even if a court promptly dismisses such actions, such a dismissal would not be without cost to the state. In addition, although the state may be awarded its attorney fees and costs, inmates are frequently without resources from which collection may be made.

The General Assembly's decision to limit the state's liability for negligence actions involving prisons recognizes these factors, and thus the limitation proceeds from actual differences in the magnitude and character of the functions assumed by the state in operating prisons and the greater potential for liability. *See Lee v. Colorado Department of Health, supra.*

Accordingly, we conclude that § 24–10–106(1.5) is rationally related to the legitimate state interests of fiscal solvency and provision of essential services while minimizing taxpayer burdens. *See State v. DeFoor, supra.* Hence, the trial court did not err in determining that plaintiff was not deprived of his right to equal protection. *See Norsby v. Jensen, supra* (precluding participants in prison "boot camp" program from recovering for injuries suffered in program was rationally related to the purpose of obtaining a fiscal savings for the DOC).

## II.

■ We also reject plaintiff's contention that the trial court erred in failing to grant his request for an evidentiary hearing.

In his request, plaintiff simply noted that a party may avoid a delay in resolving the jurisdictional immunity issue by seeking an evidentiary hearing. Other than that statement, plaintiff did not set forth any reasons that an evidentiary hearing was necessary or seek to present any evidence at the hearing. Although plaintiff argues on appeal that disputed issues of fact exist, the primary issue

presented at that time was a legal question: whether § 24–10–106(1.5) bars a claim that falls within the waiver of immunity in § 24–10–106(1)(b) concerning the operation of a prison.

Under these circumstances, we conclude that the trial court did not err in denying plaintiff's request for an evidentiary hearing.

## III.

Plaintiff contends the trial court erred in denying his motion to amend the complaint. We agree in part.

■ C.R.C.P. 15(a) permits a party to amend a complaint once, as a matter of course, before a responsive pleading is filed. For purposes of this rule, a motion to dismiss does not constitute a responsive pleading. *Fladung v. City of Boulder*, 165 Colo. 244, 438 P.2d 688 (1968).

■ A trial court should allow an amendment to a complaint under these circumstances even following its grant of a motion to dismiss. *See Renner v. Chilton*, 142 Colo. 454, 351 P.2d 277 (1960); *but see Wilcox v. Reconditioned Office Systems of Colorado, Inc.*, 881 P.2d 398 (Colo.App.1994) (if a final judgment is entered, the absolute right to amend the complaint is lost, and an amendment should not be allowed unless the judgment is set aside or vacated under C.R.C.P. 59 or 60(b)).

■ Nevertheless, if a proposed amendment to the complaint would be futile, reversal is not required. *See Casey v. Christie Lodge Owners Ass'n*, 923 P.2d 365 (Colo.App. 1996).

■ Here, construing plaintiff's motion to amend as setting forth an amended complaint, we conclude that the trial court could have properly found plaintiff's proposed amendment regarding his claim against the DOC to be futile.

As noted, plaintiff sought to amend two paragraphs of his complaint to add references to §§ 24–10–106(1)(b) and 24–10–106(1)(c). However, in light of plaintiff's sole reliance on § 24–10–106(1)(b) on appeal and his abandonment of any claim under § 24–

10–106(1)(c), we conclude that his request to add references to §§ 24–10–106(1)(b) and 24–10–106(1)(c) did not add anything substantive to the complaint.

■ However, regarding plaintiff's request to add allegations that Paolino's conduct was willful and wanton, we reach a different conclusion.

In *City of Lakewood v. Brace*, 919 P.2d 231 (Colo.1996), the supreme court stated that a well-pled claim asserting that an employee acted willfully and wantonly must await determination at trial on the merits if there are disputed issues of fact.

Here, plaintiff sought to amend his complaint to aver that Lt. Paolino "spilled coffee and juice on the floor, willfully and wantonly and intentionally creating a dangerous condition, when by his deliberate actions of not cleaning up this mess he made, nor insuring that it be cleaned up, he willfully and wantonly intended for someone to be injured by its presence, as can be shown by the duration of its being a hazard (over 2 hours) without being cleaned up."

We conclude that such allegations sufficiently plead a claim of willful and wanton conduct. *See Moody v. Ungerer*, 885 P.2d 200 (Colo.1994) ("willful and wanton conduct" means conduct purposefully committed that the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others); *Jarvis v. Deyoe*, 892 P.2d 398 (Colo.App.1994) (noting that "willful and wanton conduct" involved an element of conscious disregard for the safety of others); *Holland v. Board of County Commissioners*, 883 P.2d 500 (Colo.App.1994) (allegation that defendant intentionally and maliciously interfered with plaintiff's appointment as county attorney by providing false and defamatory information sufficiently stated facts that, accepted as true, adequately asserted willful and wanton conduct).

Accordingly, at least until the facts can be fleshed out by discovery or presentation of an appropriate affidavit, such a proposed amendment would not have been futile. Hence, the trial court erred in failing to grant plaintiff's motion to amend to assert

willful and wanton conduct against Lt. Paolino. *See Casey v. Christie Lodge Owners Ass'n, supra.*

That part of the judgment dismissing plaintiff's claims against the DOC is affirmed. That part of the judgment dismissing his claims against Lt. Paolino is reversed, and the cause is remanded with directions to the trial court to permit plaintiff to amend his complaint against Lt. Paolino to assert willful and wanton conduct.

PLANK and JONES, JJ., concur.