Roger HARRIS, Petitioner–Appellant,

v.

REGIONAL TRANSPORTATION DISTRICT, Respondent–Appellee.

No. 05CA0852.

Colorado Court of Appeals, Div. VI.

Dec. 28, 2006.

Roger Harris, Pro Se.

Rolf G. Asphaugh, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge J. JONES.

Petitioner, Roger Harris, appeals the district court's dismissal of his petition for review of a decision by the Colorado Department of Labor and Employment, Division of Labor (Department) dismissing his unfair labor practice claim against his former employer, respondent Regional Transportation District (RTD), and his labor union, Amalgamated Transit Union Local 1001(ATU). We dismiss the appeal in part and affirm.

## I. Background

In July 2001, Harris filed a claim against RTD and ATU charging unfair labor practices under §§ 8–3–108 to 8–3–110, C.R.S. 2006, in connection with the termination of his employment. On September 20, 2004, the Department issued a decision dismissing Harris's unfair labor practice claim on the grounds his allegations did not "fall[ ] within the purview of the Colorado Labor Peace Act."

On October 20, 2004, exactly thirty days after the Department's decision, Harris filed a petition for review in Denver District Court pursuant to C.R.C.P. 106(a)(4) purporting to challenge the Department's dismissal of his unfair labor practice claim. The petition named RTD and ATU as respondents (though Harris never served ATU with a copy thereof), but did not name the Department as a respondent.

In lieu of answering the petition, RTD moved to dismiss the petition for failure to state a claim pursuant to C.R.C.P. 12(b)(5). In its motion, RTD argued that (1) review of the Department's decision could not be sought under C.R.C.P. 106(a)(4), but could only be sought under and in compliance with the Administrative Procedure Act (APA), specifically § 24–4–106, C.R.S.2006; and (2) the petition failed to name the Department as a party, as required by § 24–4–106(4), C.R.S.2006. Harris responded, arguing that he could proceed under either C.R.C.P. 106(a)(4) or § 24–4–106, and that he was not required to name the Department as a party.

On November 18, 2004, the district court granted RTD's motion to dismiss in a written order, ruling that relief from the Department's decision was not available under C.R.C.P. 106(a)(4) because Harris had a remedy under § 24–4–106, and that Harris had failed to name the Department as a party, as required by § 24–4–106. The district court dismissed Harris's petition without prejudice.

On December 31, 2004, Harris filed a motion to amend his petition to name the Department as a party. He did not seek to amend his petition to include allegations under the APA, nor did he submit a proposed amended petition with his motion. Harris claimed the absolute right to amend his petition under C.R.C.P. 15(a) because RTD had not filed a responsive pleading. RTD opposed Harris's motion.

On March 21, 2005, the district court denied Harris's motion to amend. The district court ruled that the motion was both untime-

ly and futile: untimely because it was not filed within a reasonable time before or after the order of dismissal; and futile because an action against the Department would be time barred since the amendment would not relate back.

## II. Motion to Dismiss the Appeal

Shortly after Harris filed his notice of appeal in this court, RTD moved to dismiss the appeal based on Harris's failure to file the notice of appeal within forty-five days of the district court's November 18, 2004 order and Harris's failure to file a notice of intent to appeal with the district court, as allegedly required here by § 24–4–106(9), C.R.S.2006. We issued an order to show cause why the appeal should not be dismissed, and a motions division of this court deferred ruling to the division considering the merits of the appeal. Accordingly, we address the motion to dismiss the appeal before turning to the merits.

Harris seeks appellate review of the district court's November 18, 2004 order dismissing his petition and its March 21, 2005 order denying his motion for leave to amend. We conclude that the district court's November 18, 2004 order was a final, appealable order, and that because Harris failed to file a timely notice of appeal as to that order, we lack jurisdiction to review it. Accordingly, we dismiss Harris's appeal of that order. We decline to dismiss the appeal as to the March 21, 2005 order, however. Even assuming that § 24–4–106(9) applies in these circumstances and that Harris failed to comply with it, we nevertheless retain jurisdiction over the appeal of that order, and we choose to exercise our discretion to consider it.

### A. November 18, 2004 order

C.A.R. 3(a) provides that an appeal from the district court to the appellate court "shall be taken by filing a notice of appeal with the clerk of the appellate court within the time allowed by C.A.R. 4." C.A.R. 4(a) provides that, in a civil case, a notice of appeal must be filed "within forty-five days of the date of the entry of the judgment, decree, or order from which the party appeals."

The timely filing of a notice of appeal in accordance with these rules is mandatory and jurisdictional. *SMLL, L.L.C. v. Daly*, 128 P.3d 266, 269–70 (Colo.App.2005); *Sheraton Steamboat Corp. v. State Bd. of Assessment Appeals*, 765 P.2d 1050, 1051 (Colo. App.1988).

Here, Harris filed his notice of appeal 152 days after the November 18, 2004 order. He argues that his notice of appeal was timely as to that order because it was not a final, appealable order. We disagree.

■ Ordinarily, the dismissal of a complaint without prejudice is not a final and appealable order. *B.C. Inv. Co. v. Throm*, 650 P.2d 1333, 1335 (Colo.App.1982); *Carter v. Small Bus. Admin.*, 40 Colo.App. 271, 273, 573 P.2d 564, 566 (1977). Such an order is, however, final and appealable "where the circumstances of [the] case indicate that the action cannot be saved" by an amendment. *B.C. Inv. Co., supra*, 650 P.2d at 1335; *accord SMLL, supra*, 128 P.3d at 268; *Carter, supra*, 40 Colo.App. at 273, 573 P.2d at 566. One such circumstance is where the amended action would be time barred. *See, e.g., SMLL, supra*, 128 P.3d at 268; *UIH–SFCC Holdings, L.P. v. Brigato*, 51 P.3d 1076, 1077 (Colo.App.2002); *Wyler/Pebble Creek Ranch v. Colo. Bd. of Assessment Appeals*, 883 P.2d 597, 599 (Colo.App.1994); *B.C. Inv. Co., supra*, 650 P.2d at 1335.

In this case, the district court dismissed Harris's petition, concluding that relief was not available under C.R.C.P. 106(a)(4), and that he had failed to name the Department as a party, as required by § 24–4–106(4). Section 24–4–106(4) also requires that such an action be filed within thirty days of the agency's decision. Because the Department issued its decision dismissing Harris's claims on September 20, 2004, more than thirty days before the district court dismissed Harris's petition, Harris could not have saved his petition by amending it to name the Department. Thus, the district court would have been without jurisdiction to consider an APA claim against the Department had Harris asserted one. *See Allen Homesite Group v. Colo. Water Quality Control Comm'n*, 19 P.3d 32, 34 (Colo.App.2000); *see also Buzick*

*v. Pub. Employees' Ret. Ass'n,* 849 P.2d 869, 870 (Colo.App.1992); *Cheney v. State Mined Land Reclamation Bd.,* 826 P.2d 367, 368 (Colo.App.1991).

■ Harris does not contest the requirement that he name the Department as a party. *See* § 24–4–106(4); *Cold Springs Ranch, Inc. v. State Dep't of Natural Resources,* 765 P.2d 1035 (Colo.App.1988); *Spahn v. State Dep't of Personnel,* 44 Colo. App. 446, 615 P.2d 66 (1980). Rather, he argues that (1) he was entitled to amend his complaint as a matter of right to name the Department; and (2) the amendment would have related back to the filing of his petition in the district court (which was within the thirty-day period) under C.R.C.P. 15(c). As discussed in section III below, Harris's first argument is incorrect. His second argument also fails.

C.R.C.P. 15(c) provides that an amendment changing the party against whom a claim is asserted relates back to the date of the original pleading if (1) the amended complaint arises out of the same transaction or conduct set forth in the original complaint; (2) the new party receives notice of the action within the applicable limitations period; and (3) the new party knew or reasonably should have known the action would have been brought against it if the plaintiff had not made a mistake concerning the identity of the proper party. *Trigg v. State Farm Mut. Auto. Ins. Co.,* 129 P.3d 1099, 1102 (Colo. App.2005); *see also Brown v. Teitelbaum,* 830 P.2d 1081, 1084 (Colo.App.1991).

Harris does not explain how the latter two requirements were satisfied in this case. Accordingly, we conclude Harris's proposed amended petition would not have related back to the filing of his dismissed petition. *Cf. Spahn, supra,* 44 Colo.App. at 447–49, 615 P.2d at 67–68 (district court properly denied motion to amend to add agency as a party pursuant to § 24–4–106 where motion was filed more than thirty days after date of agency's action).

Harris's reliance on *Cloverleaf Kennel Club, Inc. v. Colorado Racing Comm'n,* 620 P.2d 1051 (Colo.1980); *People v. District Court,* 200 Colo. 65, 612 P.2d 87 (1980), *disapproved of in part by Schaffer v. District Court,* 719 P.2d 1088, 1089 n. 1 (Colo.1986); and *Best v. La Plata Planning Comm'n,* 701 P.2d 91 (Colo.App.1984), is misplaced. Those cases are inapposite. All three cases concerned amendments to change the avenue of review either from C.R.C.P. 106 to the APA *(Cloverleaf* and *People v. District Court),* or vice versa *(Best).* None involved the proposed addition of a new party.

In sum, we conclude the district court's November 18, 2004 order was a final, appealable order, and Harris did not file a timely notice of appeal as to that order. We therefore lack jurisdiction to review it. Harris's appeal of that order is dismissed.

### B. March 21, 2005 order

■ Harris filed his notice of appeal within forty-five days of the district court's March 21, 2005 order. Consequently, the appeal of that order is timely under C.A.R. 3(a) and 4(a).

Section 24–4–106(9) provides, however, that while a decision of a district court concerning agency action is subject to appellate review, "a notice of intent to seek appellate review must be filed with the district court within forty-five days after its decision becomes final." This requirement is in addition to the requirement of filing a notice of appeal with the appellate court. C.A.R. 4(a).

Harris concedes that § 24–4–106(9) applies to this case and that he did not comply with it. He correctly points out, however, that failure to comply with § 24–4–106(9) does not deprive this court of jurisdiction, and RTD agrees. *See* C.A.R. 3(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal in the appellate court does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."); *Sheraton Steamboat Corp., supra,* 765 P.2d at 1051. RTD and Harris also agree that we have the discretion whether to dismiss the appeal because of this procedural defect, but predictably disagree as to whether we should dismiss the appeal.

■ When determining whether dismissal is the appropriate sanction for a party's failure to comply with a procedural requirement other than the timely filing of a notice of appeal, we must consider both the substantiality of the issues raised on appeal and prejudice to the opposing party. *State Dep't of Corrections v. Pena*, 788 P.2d 143, 146 (Colo.1990); *see also People v. Slender Wrap, Inc.*, 36 Colo.App. 11, 15, 536 P.2d 850, 853 (1975) (party was not sufficiently prejudiced by opposing party's procedural error to justify dismissal of appeal).

Harris claims that he has raised two substantial issues: first, whether the district court correctly ruled that he was required to proceed under § 24–4–106(4) rather than C.R.C.P. 106(a)(4); and second, whether he was entitled to amend his petition as a matter of right to satisfy the requirement that he name the Department as a party.

The first issue, however, is no longer before us since we have concluded that Harris's appeal from the November 18, 2004 order ruling on that issue was untimely.

It is a close question whether the latter issue is sufficiently substantial to warrant a determination on the merits. Nonetheless, RTD does not assert it has been prejudiced by Harris's failure to file the required notice with the district court, and we are unable to perceive any such prejudice.

Accordingly, we decline to dismiss Harris's appeal of the district court's March 21, 2005 order.

### III.   Merits of the Appeal

■ Harris raises three issues on appeal: (1) whether the Department was required to hold a hearing before dismissing his unfair labor practice claim; (2) whether the district court erred in ruling that he could not seek review of the Department's decision under C.R.C.P. 106(a)(4); and (3) whether the district court erred in denying his motion for leave to amend his petition. We lack jurisdiction to consider the first two issues because they arise from the district court's November 18, 2004 order. We reject Harris's argument as to the third issue.

Relying on C.R.C.P. 15(a), Harris contends that he was entitled to amend his petition as a matter of right because RTD never filed a responsive pleading. We disagree.

C.R.C.P. 15(a) provides, in relevant part, that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is filed." Here, RTD filed a motion to dismiss, but not an answer or response to the petition. A motion to dismiss is not a "responsive pleading" within the meaning of C.R.C.P. 15(a). *Fladung v. City of Boulder*, 165 Colo. 244, 247, 438 P.2d 688, 690 (1968); *Davis v. Paolino*, 21 P.3d 870, 873 (Colo.App.2001). Thus, it would appear at first blush that the rule entitled Harris to amend his petition (putting aside the relation back question). *See Renner v. Chilton*, 142 Colo. 454, 456, 351 P.2d 277, 277–78 (1960); *Davis, supra*, 21 P.3d at 873. That result, however, is not mandated by the particular procedural circumstances of this case.

Harris did not file his motion to amend until after the district court had entered judgment. *See* C.R.C.P. 54(a) ("judgment" is a written judgment, signed by the court and dated, "from which an appeal lies"); C.R.C.P. 58(a) ("judgment" includes an "appealable decree or order as set forth in C.R.C.P. 54(a)"). In both *Renner, supra*, and *Davis, supra*, on which Harris relies, the motions to amend were made before judgment was entered on the docket. *See Renner, supra*, 142 Colo. at 455, 351 P.2d at 277 (counsel for plaintiff made oral motion to amend immediately after court granted motion to dismiss from the bench); *Davis, supra*, 21 P.3d at 871 (plaintiff filed motion to amend after defendant filed motion to dismiss but before court granted the motion to dismiss).

Where, as here, judgment was entered before leave to amend was sought, divisions of this court have held that "the absolute right to amend the complaint as a matter of right is lost." *Wilcox v. Reconditioned Office Sys. of Colo., Inc.*, 881 P.2d 398, 400 (Colo.App. 1994); *see also Kaercher v. Sater*, 155 P.3d 437, 2006 WL 1766846 (Colo.App. No. 04CA2415, June 26, 2006) (district court did not abuse its discretion in denying motion to amend where motion to set aside dismissal

under C.R.C.P. 59 was properly denied); *Estate of Hays v. Mid–Century Ins. Co.*, 902 P.2d 956, 959 (Colo.App.1995); *In re Estate of Blacher*, 857 P.2d 566, 568–69 (Colo.App. 1993). *But see Doe v. Heitler*, 26 P.3d 539, 544–45 (Colo.App.2001) (plaintiff had right to amend complaint where motion to amend was filed twelve days after court granted motion to dismiss). In such cases, an amendment is not allowed unless the original judgment is set aside under C.R.C.P. 59 or 60(b). *Wilcox, supra*, 881 P.2d at 400; *accord The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir.2005) (applying Fed.R.Civ.P. 15(a)).

This analysis is consistent with the interpretation of Fed.R.Civ.P. 15(a) by every federal circuit court of appeals. *See The Tool Box, supra*, 419 F.3d at 1087 (listing cases); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1483, at 587–91 & § 1489 (2d ed.1990). Because C.R.C.P. 15(a) is identical to Fed.R.Civ.P. 15(a), the federal cases interpreting the federal rule are persuasive. *Wilcox, supra*, 881 P.2d at 400; *see also Benton v. Adams*, 56 P.3d 81, 86 (Colo.2002) (construing C.R.C.P. 15(a)); *Moore v. Grossman*, 824 P.2d 7, 9 (Colo.App.1991) (same).

Harris did not move to set aside the judgment under C.R.C.P. 59 or 60(b). Hence, we conclude the district court did not err in denying his motion to amend. *See Estate of Hays, supra*, 902 P.2d at 959; *Wilcox, supra*, 881 P.2d at 400–01.

■ We also conclude Harris's proposed amendment was futile. Because Harris's proposed amendment to add the Department as a party would not have related back to the filing of his original petition, the amended petition would have been time barred. *See Liscio v. Pinson*, 83 P.3d 1149,1154 (Colo. App.2003) (leave to amend properly denied as futile where proposed claims would not have related back to filing of original complaint and therefore would have been barred by the statute of limitations); *Davis, supra*, 21 P.3d at 873.

## IV. Conclusion

The appeal from the district court's November 18, 2004 order is dismissed. The district court's order of March 21, 2005 is affirmed.

Judge WEBB and Judge CARPARELLI concur.